# Imperial Life Insurance Co. *v.* Glass.

### *Action on Life Insurance Policy.*

1. *Condition in life insurance policy; release of insurer by insured's failure to pay premium.*— A policy of life insurance contained the condition that "if a note, taken for the premium or renewal premium, or any part thereof, on this policy, shall not be fully paid when due, the premium shall then be considered as fully earned, and the policy shall no longer be in force or binding upon the company." The insured gave his note for the premium, which he failed to pay when it became due, and died after the maturity of the note, never having paid it or any part of it. *Held*, that the company was not liable on the policy.

2. *Same; what provisions in policy are not inconsistent.*—A provision in a life insurance policy authorizing the deduction, from the amount payable in the event of the death of the insured, of any balance of the premium for the year remaining unpaid, or any indebtedness on the policy, is not inconsistent with a provision that the policy shall no longer be in force or binding upon the company if a note taken for a premium, or any part thereof, is not fully paid when due.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

The defendant filed several pleas, among them special pleas setting up the conditions in the policy sued on which are stated in the opinion, and also the giving of the premium note by John D. Glass, and the non-payment thereof, as also stated in the opinion. The plaintiff demurred to said special pleas, upon the ground, among others, "that such stipulation for the consideration of said note, and for the forfeiture of the policy, is unconscionable; and a mere subterfuge, or excuse for the defendant's demanding or claiming the whole amount of said note, without the corresponding duty or liability on the part of the defendant to furnish insurance upon the life of said John D. Glass, for the entire insured period." The court sustained the demurrers to said special pleas. The defendant excepted to the rulings of the court in excluding evidence offered by the defendant, as stated in the opinion. There was judgment in favor of the plaintiff. The defendant appeals, and now assigns as error said rulings of the court on the pleadings and in sustaining plaintiff's objections to evidence offered by the defendant.

[Imperial Life Insurance Co. v. Glass.]

G. L. Comer, for appellant.

H. D. Clayton, and A. H. Merrill, *contra.*

WALKER, J.—This is a suit upon a policy of insurance, dated February 15th, 1890, upon the life of John D. Glass. By the terms of the policy the insurance was to begin at twelve o'clock noon on the first day of March, 1890, and expire at twelve o'clock noon on the first day of March, 1891. Provision was made for renewals of the insurance by the payment annually thereafter of premiums, the amounts of which were fixed by a table which was made a part of the policy. The evidence tended to show that said John D. Glass died about the 27th day of September, 1890. There was no acknowledgment in the policy of the receipt by the insurance company of the amount of the first premium. The court sustained objections by the plaintiff to proof offered by the defendant to show that said Glass never paid any money or anything else on the policy, but gave his note for the amount of the premium, fifty-seven dollars, payable to the defendant or bearer on March 1st, 1890, and that said Glass never paid or offered to pay said note when it fell due, or at any other time; but refused, on demand, to pay the same or any part thereof.

The policy contained the following provision: "This policy is issued, and accepted by the insured and assured, upon the express conditions and agreements contained in said application, as well as those printed on the back hereof, which are hereby made a part of this contract, as fully as if they were embodied herein." One of the conditions printed on the back of the policy was as follows: "4. If a note, taken for the premium or renewal premium, or any part thereof, on this policy, shall not be fully paid when due, the premium shall then be considered as fully earned, and the policy shall no longer be in force or binding upon the company, but it may be revived according to the condition and agreement No. 3, as to reinstatement." There was no evidence of any reinstatement of the policy.

We know of no principle of law or rule of public policy affecting the validity of a provision in a policy of insurance that it shall not be binding on the insurer until the premium is paid, if it is payable it cash, or that the policy shall cease to be binding on the insurer when a note given for a premium, or any part of it, is not paid at maturity. No duty is imposed upon insurers to extend the benefits of insurance unless the consideration therefor is paid as stipulated for

in the contract of insurance. An insurance business can not be successfully carried on unless the continuance of the risks assumed by the insurer is made dependent upon the prompt payment of the premiums, which go to make up the fund from which losses are to be paid and profits earned. The time fixed for the payment of the premium is material—is of the essence of the contract; and non-payment at the appointed time involves the release of the insurer from his obligation under the policy, if such are the terms of the contract, and the condition to this effect is not waived.—*Mobile Life Ins. Co. v. Pruett*, 74 Ala. 487; *Brooklyn Life Ins. Co. v. Bledsoe* 52 Ala. 551; *New York Life Ins. Co. v. Statham*, 93 U. S. 24; *Williams v. Albany City Ins. Co.*, 19 Mich. 451; *Wall v. Howe, Ins. Co.*, 36 N. Y. 157; *Pitt v. Berkshire Life Ins. Co.*, 100 Mass. 500; 11 Am. & Eng. Encyc. of Law, 304, 306.

The provision in the policy sued on authorizing the deduction, from the amount payable in the event of the death of the insured, of any balance of the premium for the year remaining unpaid, or any indebtedness on the policy, is not inconsistent with the provision that the policy should no longer be in force or binding upon the company, if a note taken for a premium or any part thereof should not be fully paid when due. The provision for such deductions would be applicable in the event of the death of the insured before the maturity of a note given for a premium, or in the case of a waiver by the insurer of the payment of the whole or a part of a premium at the time it was due. Nor is it necessary to the validity of the provision for the discharge of the insurer from the obligation of the policy by a failure to pay in full any premium note at its maturity, that effect should also be given to the further provision that, upon such non-payment, the premium should be considered as fully earned. The former provision is a valid one, whether the latter is legally enforceable or not in such circumstance as are presented in this case, where the premium note in question became due on the day of the commencement of the risk under the policy. Whether the amount of the premium can be recovered when the non-payment of a note therefor terminated the obligation of the insurer before the risk under the policy had been in force a single day is a question not presented by the pleadings in this case. We are satisfied, that, in the absence of a waiver of the condition in the policy on this subject, upon the non-payment at its maturity of the note given for the premium, the policy ceased to be in force and binding upon the company,

[M. & C. R. R. Co. v. B., S. & Tenn. River R'y Co.]

whether its right to the premium was then perfected or not.

The rulings of the Circuit Court, both upon the pleadings and the evidence, are in conflict with the conclusion we have announced.

Reversed and remanded.