# Norris v. New England Mutual Life Insurance Co.

### Assumpsit.

(Decided November 23, 1916.   Rehearing denied December 30, 1916.
73 South. 377.)

1. **Insurance; Life; Forfeiture Clause.**—Where the application which is a part of the contract provided that the insurance should not take effect "until and unless" the first payment was made, the forfeiture clause in the policy for non payment of "any premium" applied to the initial premium.

2. **Same; Entire Contract.**—The application forms a part of the policy contract, and a forfeiture clause clearly expressed in the application for the life policy does not violate the provisions of § 4579, Code 1907, requiring the entire contract to be plainly expressed in the policy.

3. **Same; Non Payment; Validity.**—Clauses providing forfeiture of life policies for non payment of premiums are valid, but are not favored in law, and circumstances indicating the waiver of forfeiture will be liberally construed.

4. **Same; Notes for Premiums.**—Where insured gave his note for the premium on a life policy, and the notes were accepted by the company, but not

paid before the death of the insured, and the policy contained a forfeiture clause for non payment of premium, the fact that the non payment of the note would avoid the policy having been called to the attention of the insured by letters and receipts, and the forfeiture not having been waived, the beneficiary under the policy could not recover therefor.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Allene Louis Norris against the New England Mutual Life Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Suit by appellant on an insurance policy in the sum of $3,000, on the life of Thómas Watts Norris, in which appellee, widow of the insured, was named beneficiary.

The defense presented by various pleas was that, the policy was forfeited and void on account of the fact that the insured never paid in cash the initial premium, but in lieu thereof gave a note for one-fourth of the amount, payable to the soliciting agent, due August 10, 1913, which note was discounted by the general agent of the defendant company, after which the policy was delivered to him.

The policy bears date June 10, 1913, and recites in part as follows:

"In consideration of the application upon which this policy is issued, which is made a part hereof, and the payment in advance of eighty-three and 70/100 dollars," etc.

The policy contains the following provisions:

"In case of the nonpayment of any premium when due, or during the period of grace, this policy shall cease to be in force and shall have no value except as provided by the nonforfeiture provisions hereinafter set forth."

It is also stated:

"This policy and the application shall constitute the entire contract between the parties hereto."

The application of the insured, which was signed by him, and attached to the policy as a part of it, contained the following language:

"I hereby agree that the insurance applied for shall not take effect unless and until this application is approved by the company and the first premium is actually paid while I am in the same condition of health as herein described."

The evidence is without dispute that the amount of the premium to be paid was $83.70, and that the same was to be paid in quarterly installments, the first of which was for $21.70, due August 10, 1913. The insured executed his note to the soliciting agent in payment of this installment. This note was discounted by the general agent of the company in Alabama, and the portion due the company was remitted thereto. This note recited that:

"It is understood that the proceeds of this note are to reimburse the agent of the New England Mutual Life Insurance for the premium on the policy of insurance, the number of which appears on the margin, issued to and received by me."

The other three notes executed by the insured, each in the sum of $21, bore date June 10, 1913, and were payable to the defendant insurance company, due, respectively, in three, six, and nine months after date. The notes contained the following stipulation:

"Being for part of premium on policy No. 263,566 of said company; but this note, if not paid at maturity, is not to be considered as payment of said premium, and said policy will thereupon, without notice, become forfeited and void, except as provided by the statutes of Massachusetts."

The evidence is without dispute that the assured died on May 16, 1914, of which fact the insurance company had due notice, and that no one of the said four notes, nor any part thereof, has ever been paid.

At the time the policy was delivered to the insured there was delivered with it the following receipt:

"Received of T. W. Norris cash $21.70, notes $62.00, on account of the first premium on policy No. 263,566 as per margin. This receipt is given and accepted, subject to this express condition, viz. that it shall not cover any deferred part of the policy year for which a note or notes, as stated in the margin, have been given by the insured, until said note or notes shall have been paid in cash; and if said note or notes or any one of them are not paid when due and payable, said policy shall thereupon without further notice become forfeited and void, except as provided by the statutes of Massachusetts. * * * J. A. Barbey, Secretary, A. G. Storey, General Agent."

In forwarding the policy to the assured the general agent of the company in this state wrote the following letter under date of June 16, 1913:

"Mr. Thomas W. Norris, Dothan, Alabama—Dear Sir: My company has just issued policy No. 263,566, in the amount of $3,000, upon your life as per your request, and I am forwarding to you your policy by today's registered mail. Mr. Z. Katzenstein, my agent, has left the following settlement to pay the first annual premium on your policy in the amount of $83.70:

Alabama waive note due August 10th for............................................$21.70
3 and 6 months company notes in the amount of $21 each... 42.00
and 9 month company note in the amount of........................................ 20.00
                                                                                                            _____
                                                                                                                $83.70

"I thank you very much for this business."

After the note which was payable to the soliciting agent and discounted by the general agent was past due, the general agent wrote to the assured in regard thereto and requested a remittance of the amount due. After default in the payment of the first note which was payable to the defendant company three months after date the general agent addressed to the assured the following letters:

"September 18, 1913. Mr. Thomas Watts Norris, Dothan, Ala.—Dear Sir: In looking through my files this morning I notice that you have failed to make remittance to pay the three months' note given in part settlement of the first annual premium on policy No. 263,566, upon your life, in the amount of $21 and 33 cents interest. This note was due on the 10th of September. The company allows no days of grace on these first premium notes and with this note outstanding and unpaid your policy is void. The company will allow me, however, to accept settlement of these first premium notes within thirty days after their first due date, provided the insured is in good health, but if you should die in the meantime and the note is unpaid, there will be no liability under your policy. I am writing you this in order that you may see the importance of making immediate settlement of this outstanding note and interest. Trusting that you will give this important matter your immediate consideration and attention, and thanking you in advance for the remittance which I am sure will be forthcoming, I remain, Yours very truly."

"October 24, 1913. Mr. T. W. Norris, Dothan, Ala.—Dear Sir: On account of your failure to pay the three months' first premium note in the amount of $21 and interest which was due on policy No. 263,566 upon your life, on September 10th, the

same has become lapsed and in order to properly reinstate the same and place it in full force again it will now be necessary for you to furnish another medical examination; for this purpose I am inclosing you a blank form with the request that you have our examiner at Dothan, Mr. Henry Green, to examine you and forward me the examination, and if it is approved by the company you may then pay the outstanding notes and your insurance will be in good shape and full force again. The company allows a fee of $2 for these examinations. Trusting that you will give this important matter the attention which it deserves at your hands and that I may receive your application for reinstatement right soon, I remain, Yours truly."

T. M. ESPY, and FARMER & FARMER, for appellant. KNOX, ACKER, DIXON & STEWART, for appellee.

GARDNER, J.—It appears without dispute that the initial premium on the policy, the subject of this suit, was in the sum of $83.70, payable in quarterly installments; and that for its payment the assured executed four promissory notes, the first being payable to the soliciting agent of the insurance company 60 days after date, the note reciting that it was given to reimburse the agent for actual money paid by him to the company. This note was discounted by the general agent of the company, and the company received its pro rata share thereof. The three other notes were payable to the company direct, and were due in three, six, and nine months, respectively. The insured died on May 16, 1914, and none of these notes, nor any part thereof, were ever paid, but were retained by the defendant company.

(1) We are of the opinion that the case of *Satterfield v. Fidelity Mut. L. I. Co.*, 171 Ala. 429, 55 South. 200, is decisive of this appeal adversely to the appellant. The two cases are strikingly analogous, and we are unable to see wherein there exists any material difference between them. The application for insurance formed a part of the policy in each case. A comparison of the contract and various policy provisions will disclose a close similarity in all essential details. It was argued in the *Satterfield Case* that the reference in the policy to forfeiture for nonpayment of premium had no application to the initial premium, in this contention relying upon the case of *McAllister v. New Eng. L. I. Co.*, 101 Mass. 558, 3 Am. Rep. 404. Like argu-

ment is here presented. The *McAllister Case* received comment by this court in the *Satterfield Case,* and under that authority we hold that the forfeiture clause is applicable to the initial premium.

(2) We are also clear to the view, under the authority of the *Satterfield Case,* and of the undisputed evidence in this case, that the provisions of section 4579, Code 1907, have not been infringed upon by the conclusion here reached. As stated in the opinion in that case, the purpose of that statute "is to protect the person insured from being overreached by agreements outside of the policy not fully understood by him." The application is a part of the policy contract, and the language of the contract is plain and clearly shows that the assured could not have been misled or deceived thereby. The applicant knew he had not paid the initial premium, but had merely given notes which had not been paid. The receipt given him at the time of the issuance of the policy again gave him notice that a nonpayment of the notes would work a forfeiture of the policy, and the notes themselves so recited. The letters written the assured by the general agent called his attention to the same fact and informed him in what manner the policy could be reinstated.

(3) The validity and binding effect of the forfeiture clause in a life insurance policy for nonpayment of premium is well recognized by this court and was rather forcibly expressed in *Imperial L. I. Co. v. Glass,* 96 Ala. 568, 11 South. 671. See, also, *Security Mut. Co. v. Riley,* 157 Ala. 553, 47 South. 735, and *Equitable L. A. Soc. v. Golson,* 159 Ala. 508, 48 South. 1034.

We are mindful of the rule established in this court that forfeitures for the nonpayment of premiums are not favored in law, and the courts are always prompt to seize hold of any circumstances that indicate an election to waive the forfeiture.—*Galliher v. State Mut. Co.,* 150 Ala. 543, 43 South. 833, 124 Am. St. Rep. 83; *Security Mut. Co. v. Riley, supra; Washburn, Adm'r, v. Union Cen. L. I. Co.,* 143 Ala. 485, 38 South. 1011.

It has been held by this court that the bare retention by the company of the note executed by the assured for the premium would not amount, after default in its payment, to a waive of the forfeiture.—*Washburn v. U. C. L. I. Co., supra; Galliher v. State Mut. L. I. Co., supra.*

(4) There is no evidence in the instant case indicating any waiver of the forfeiture clause on the part of the defendant

company for nonpayment of the premium. The letters written to the assured calling attention to his default in the payment of his notes also directed his attention to the fact that, under the terms of the policy, the same had been forfeited, and gave instructions as to reinstatement. It seems to be also insisted that there was evidence sufficient for submission to the jury that the company had accepted the notes in absolute payment of the premium.

The contract and all dealings in reference thereto were in writing and are set out in the record, and we are unable to see any substantial foundation upon which this insistence could be rested. The evidence is without conflict and shows a forfeiture of the policy for nonpayment of these notes, and there is nothing upon which to base a reasonable inference that the forfeiture provisions of the contract had been waived.

The affirmative charge was therefore properly given for the defendant, and the judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.