(104 So. 522)

## PROVIDENT LIFE & ACCIDENT INS. CO. v. HOLLUMS. (6 Div. 172.)

(Supreme Court of Alabama. April 30, 1925. Rehearing Denied June 11, 1925.)

1. **Insurance** ⬬310(2)—**Failure to pay premium held ipso facto to work complete forfeiture under policy.**

In action on accident policy containing specific forfeiture clause for nonpayment of premiums, failure to. pay on date when premium was due *held* to operate ipso facto as complete forfeiture of policy, and company need not declare forfeiture unless duty were imposed by special circumstances, whereunder silence would injuriously mislead insured.

2. **Insurance** ⬬388(2)—**Forfeiture of rights not waived by reminder letter or statement to plaintiff's attorney.**

In action on accident policy, forfeiture, under clause for nonpayment of premium, *held* not waived by reminder letter, written to insured two weeks after premium was due, or by subsequent statement that insured had certain time for paying remaining premium to reinstate policy, being merely an invitation to reinstate policy by payment of overdue premium under its terms, and not a treatment of policy as in force.

3. **Insurance** ⬬392(10)—**Mere retention of premium note after nonpayment has worked forfeiture is not waiver thereof.**

Mere retention of premium note after forfeiture *held*, not waiver thereof, although attempt by insurance company to collect premium note would be election to treat policy as in force, and hence a waiver of forfeiture for nonpayment of premium.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action on a policy of accident insurance by Violet A. Hollums against the Provident Life & Accident Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Sizer, Chambliss & Johnson, of Chattanooga, Tenn., and T. A. Murphree, of Birmingham, for appellant.

The provisions for forfeiture are available ro defendant according to their express terms. Travelers' Ins. Co. v. Atkinson, 198 Ala. 509, 73 So. 903; Atkinson v. Travelers' Ins. Co., 202 Ala. 226, 80 So. 48; Imperial Life Ins. Co. v. Glass, 96 Ala. 568. 11 So. 671; Satterfield v. Fidelity Mutual Life Ins. Co., 171 Ala. 429, 55 So. 200; Norris v. New Eng. Mutual Life Ins. Co., 198 Ala. 41, 73 So. 377; Cooley's Briefs on Ins. 2269; Joyce on Ins. (2d Ed.) § 1108. Mere retention of a note after forfeiture does not waive forfeiture. Norris v. New Eng. Mutual Life Ins. Co., supra; Washburn v. Union Central Life Ins. Co., 143 Ala. 489, 38 So. 1011; Galliher v. State Mutual Life Ins. Co., 150 Ala. 549, 43 So. 833, 124

Am. St. Rep. 83; Knickerbocker Life Ins. Co. v. Pendleton, 112 U. S. 696, 5 S Ct. 314, 28 L. Ed. 866; Joyce on Ins. 2328. An insurance company is not required to declare a forfeiture to make it effective. Galliher v. State Mutual Life Ins. Co., supra; Cooley's Briefs on Ins. 2260, 2277; Security Life Ins. Co. v. Gober, 50 Ga. 404; U. S. Life Ins. Co. v. Ross, 159 Ill. 477, 42 N. E. 859; McMahan v. Travelers' Ins. Co., 77 Iowa, 229, 42 N. W. 179; Joyce on Ins. (2d. Ed.) § 1106. The question of waiver is one of intent, and to support waiver there must be something done or said by the company to induce action or reliance upon it. W. O. W. v. Jones, 11 Ala. App. 441, 66 So. 834; W. O. W. v. Allen, 206 Ala. 44, 89 So. 58.

Black & Harris, of Birmingham, for appellee.

Where a note, containing forfeiture clause, is given for payment of life insurance premium, and is retained by the company after becoming due, and request is made by the company that the note be paid, the company thereby elects to treat the policy as valid, and waives any forfeiture. Washburn v. Union Central Life Ins. Co., 143 Ala. 485, 38 So. 1011; Galliher v. State Mutual Life Ins. Co., 150 Ala. 543, 43 So. 833, 124 Am. St. Rep. 83.

SOMERVILLE, J. The accident policy here sued on contains a provision, stipulating on the part of the insured that:

"If any payment [of premiums] be not made by 12 o'clock noon, standard time, of the day when due, as above specified, all my rights under said policy and the rights of the beneficiary thereunder shall then and thereby become void, and that my policy can be reinstated only at the option of the company, and as provided in the policy, and that no claim for loss arising between the time of' such forfeiture and reinstatement shall be valid against the company."

The policy contains also the cognate provision that:

"If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the company or by any of its duly authorized agents shall reinstate the policy, but only to cover loss resulting from accidental injury thereafter sustained."

[1] Under the forfeiture clause first above quoted, the failure of the insured to pay the premium due on March 3, 1923 (or at latest on April 1, 1923, to which date it may be inferred the payment was extended), which was to carry the insurance through the separate final period from May 12 to October 12, 1923, operated ipso facto as a complete forfeiture of his rights under the policy, subject to its terms. Imperial Life Ins. Co. v. Glass,

96 Ala. 568, 11 So. 671; Satterfield v. Fid. Mut. Ins. Co., 171 Ala. 429, 55 So. 200; Trav. Ins. Co. v. Atkinson, 198 Ala. 509, 73 So. 903; s. c. 202 Ala. 226, 80 So. 48; 32 Corp. Jur. 1301, § 531.

Under such a provision it is of course not necessary for the company to declare the forfeiture, unless the duty is imposed by special circumstances whereunder silence would injuriously mislead the insured. 32 Corp. Jur. 1345, 1346, § 620, and cases cited; Joyce on Insurance (2d Ed.) § 1106. The evidence here shows without dispute that the insured forfeited this policy as to the final extension period of five months, and therefore there could be no recovery for any accident occurring after 12 o'clock m., on May 12, 1923, unless the forfeiture was waived by the company.

[2] The plaintiff relies upon an implied waiver which, it is conceived, resulted from the "remainder" letter written by the company to the insured on May 25, 1923; and also upon a statement made by the company to the plaintiff's attorneys, after the death of the insured on August 30, 1923, that the insured "had from January to August to pay the remaining premium and reinstate the policy," which, it is conceived, admitted that the policy was in force during all of that time.

[3] This court has several times held that the mere retention by the company of the premium note, after its nonpayment by the insured, has worked a forfeiture of the policy, is not a waiver of the forfeiture. Washburn v. Un. Cent. Life Ins. Co., 143 Ala. 485, 38 So. 1011; Galliher v. State Mut. Fire Ins. Co., 150 Ala. 543, 43 So. 833, 124 Am. St. Rep. 83; Norris v. N. E. Mut. Life Ins. Co., 198 Ala. 41, 73 So. 377. But plaintiff relies upon the principle laid down in those cases, that an attempt to collect the premium note after such forfeiture, or to hold the insured responsible for its payment, is an election to treat the policy as being in force, and hence is a waiver of the forfeiture—the one being deemed to be inconsistent with the other.

But the "reminder" letter very clearly does not evidence *an attempt to collect* the premium note as a still existing obligation to the company. The request for a remittance of the premium was expressly declared to be "in order that we may apply same to your policy *in accordance with and subject to all conditions and provisions of your policy*" (italics supplied). This was a specific qualification of the request for a remittance, as much so as if the conditions and provisions of the policy, including those specially referred to above, were made a part of the communication by being set out therein in so many words. Thus read and understood, the entire communication cannot be construed as anything more than an invitation to the insured to reinstate his forfeited policy by the payment of the overdue premium, and thereby render the insurance operative from the date of such payment. The law never implies the waiver of a legal right, except from conduct which is plainly inconsistent with the assertion of that right. The implication does not arise here, because the company expressly stated that it was standing upon the "conditions and provisions" of the policy. See Norris v. N. E. Mut. Life Ins. Co., 198 Ala. 41, 46, 73 So. 377. The cases relied on by plaintiff presented no such qualification of the demand for payment, and therefore stand upon a different footing.

For the same reason, the company's statement that the insured "had from January to August to pay the remaining premium and reinstate the policy," is an admission of nothing but the company's willingness to receive the premium, and to accord to its payment the effect stipulated by the provisions of the policy itself.

Our conclusion is that the trial judge erred in giving the affirmative charge for the plaintiff, and also in not giving the affirmative charge for the defendant.

Let the judgment be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.