(132 So. 903)

### KARR v. LIBERTY NAT. LIFE INS. CO.

6 Div. 841.

Supreme Court of Alabama.
March 5, 1931.

B. J. Dryer, of Woodward, for appellant.

H. H. Grooms and Coleman, Coleman, Spain & Stewart, all of Birmingham, for appellee.

**BOULDIN, J.**

The sole question in this case is whether the letter, written by the insurer to the insured, and dated July 2, 1929, waived the suspension of the policy for nonpayment of premiums, and kept the policy in force until July 12, 1929.

The letter reads:

"In compliance with your request in our telephone conversation of June 27th we are enclosing herewith a blank for your application for reinstatement.

"According to our records, your policy #185848 has been suspended for non-payment of March 1929 premium. In order to reinstate above mentioned policy it is necessary for you to pay premiums for the months, March, April, May and June, amounting to $11.04 and furnish a satisfactory application for reinstatement. As your premiums are now four months past due we must ask that you let us have your remittance and application within ten days of the date of this letter. If we do not hear from you within ten days of the date of this letter, we shall presume you do not desire to reinstate your policy and we will therefore cancel same."

The pleas, to which the special replication setting up this letter is addressed, set forth the provisions of the certificate of insurance held by the insured.

By its terms the insurance "lapsed" for nonpayment of premiums or dues on or before the last day of each calendar month. Payments were declared due on the first day of each month, the period between the first and last days of each month being in the nature of days of grace.

Reinstatement within sixty days was stipulated for upon written application, presentation at the home office of satisfactory evidence of good health, and payment of all dues in arrears and current dues. Pending reinstatement all moneys tendered for dues were received as a deposit only, held in trust, and returned to the assured, if reinstatement be not perfected.

These stipulations, furnishing the occasion and the subject-matter of the letter, are to be considered in connection therewith.

The insurance had lapsed, was not in force when the letter was written; the time for reinstatement had in fact expired.

No money was tendered, no certificate of good health furnished. The insured died within the ten-day period named in the letter.

To hold that this letter per se shows a continuation of the policy in force for the ten-day period, as appellant insists, is to hold in effect that the insurer voluntarily, without payment of anything, and with no evidence of the insured's state of health, temporarily reinstated the lapsed policy. We consider this an unwarranted construction of the letter. Provident Life & Accident Ins. Co. v. Hollums, 213 Ala. 300, 104 So. 522.

Without debate the letter as a whole calls attention to the fact that the insurance is suspended for nonpayment of dues, points out the conditions and method of reinstatement. It imports, not a reinstatement, but an offer of reinstatement pursuant to the terms of the contract.

Appellant relies upon the last part of the letter requesting a remittance, and application within ten days, and advising that on failure to hear from him within that period, "we shall presume you do not desire to reinstate your policy and we will, therefore, cancel same." To cancel the policy at a future date, if standing alone, would imply that it was then in force and would so continue until the date named.

But aside from the tenor of the letter as a whole, this quoted clause refers to "desire to reinstate." The absence of a desire to reinstate is made the basis for the cancellation in mind. This is incompatible with the idea that it was thereby reinstated for the time.

The natural construction of the entire letter is that it is an offer and invitation to reinstate, with the extension of a limited time for that purpose, and upon failure so to do, the policy would stand finally canceled, thus cutting off the reinstatement privilege, the only contractual right remaining under the policy.

We see no occasion to repeat the oft-stated rules for the construction of insurance policies, nor the citation of cases having more or less analogy. The question is simply one of intent to be ascertained from its words in connection with the subject-matter to which it related.

We think the view of the trial court correct.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.