143 So. 827

## ROSS v. STATE LIFE INS. CO.
### 8 Div. 406.

Supreme Court of Alabama.
Oct. 6, 1932.

Taylor, Richardson & Sparkman, of Huntsville, for appellant.

Watts & White, of Huntsville, for appellee.

**GARDNER, J.**

The suit is upon an insurance policy, bearing date January 22, 1929, issued by the State Life Insurance Company on the life of H. E. Ross, who died September 28, 1930. The premiums for the first eighteen months were paid up to July 22, 1930, or with grace period added, up to August 22, 1930. Payment of a further quarter annual premium, $24.80, due July 22, 1930, would have continued the policy in force beyond the period of the death of the insured, and the matter of the payment of this premium presents the pivotal litigated question in the case.

The affirmative charge given for defendant is also sought to be justified upon the theory of rescission, under the authority of

Reliance Life Ins. Co. v. Russell, 208 Ala. 559, 94 So. 748, but our conclusion as to the first-stated question renders a consideration of this latter insistence unnecessary, and it is therefore pretermitted.

■ It is without dispute that the premium due July 22, 1930, was never paid in money, but plaintiff's argument is based upon the theory the proof was sufficient for submission to the jury the question as to whether or not the defendant company had in fact accepted insured's check in payment of the premium due July 22d, though in fact the check was returned by the bank unpaid on account of insufficient funds, and much reliance is had upon the case of Martin v. New York Life Ins. Co., 30 N. M. 400, 234 P. 673, 40 A. L. R. 406. But as we read and understand that authority, the meritorious question involved was obscured or subordinated to matters of evidence, with which we are not here concerned, and left in the background. The opinion concedes that the mere delivery to the insurer of a worthless check which is dishonored when presented for payment, in the absence of any fact or circumstance indicating an agreement on the part of the insurer to accept it as payment of the premium then due, does not operate to waive the right of forfeiture upon its nonpayment, as the general rule of commercial transactions is that the receipt of such a check is predicated upon the implied understanding that it will be paid. And this is in harmony with the expressions found in our own cases to the effect that, in the absence of an agreement to the contrary, a check is merely a conditional payment, and is presumptively received, not as a payment, but "as a convenient means of getting the money." Glenn v. City of Birmingham, 223 Ala. 501, 137 So. 292; National Surety Co. v. First National Bank, 224 Ala. 423, 140 So. 544; Bibb v. Snodgrass, 97 Ala. 459, 11 So. 880. As said by the author of the note to the Martin Case, supra, 40 A. L. R. 423, "The crux of the situation appears to be the question of acceptance." Illustrative is the case of Veal v. Security Mut. Life Ins. Co., 6 Ga. App. 721, 65 S. E. 714, 716, where after dishonor the company retained the insured's check which bore interest at 7 per cent. per annum, and held it against the insured as his enforceable obligation, continuing to insist upon its payment. Other cases of interest are Hayworth v. Philadelphia Life Ins. Co., 190 N. C. 757, 130 S. E. 612, 613; Philadelphia Life Ins. Co. v. Hayworth (C. C. A.) 296 F. 339.

The holding in the Veal Case, supra, was that the proof justified a finding the company had by the conduct therein shown waived a payment of the premium in cash, but in discussing the question the court made the following observations, which find application to the instant case: "If, when the company in the present case discovered that the check had been dishonored, it had within a reasonable time tendered the check back to the insured, it could justly have insisted that the policy had lapsed. It is no reply to say that the insured held the premium receipt. There should have been a tender of the check with a demand for the return of the receipt. The receipt was only prima facie evidence of payment."

As to the case in hand, the insurer substantially pursued the course outlined in the foregoing observations, as a brief statement of the pertinent facts will disclose. The premium due July 22, 1930, was not paid within the grace period, and the policy had lapsed. After the expiration of this grace period, the insurance company received on August 29, 1930, insured's check for the premium sum, accompanied with his application for reinstatement of the policy and health certificate. The application for reinstatement was approved, the check deposited by the company in the Indiana National Bank on September 4, 1930, and there was mailed the insured the company's premium receipt. The company knew nothing of the condition of insured's account at the Huntsville bank, upon which the check was drawn. There is no insistence of any neglect on the part of the company in due presentation of the check which was dishonored on September 8, 1930, for insufficient funds and was returned to the company by the bank in which it was deposited on September 11, 1930, with the reason for the return stated on memorandum, and the company thereupon paid to the bank the amount of said check. On September 12, 1930, the company, through its cashier, wrote a letter to H. E. Ross, the insured, which was duly addressed to insured, registered, and mailed with postage and registry fee paid, and for which return receipt was forwarded to the company with insured's name thereto, in which insured was informed of the check's dishonor, that the premium therefore had not been paid, and that the premium receipt, which had been sent him, was invalid. The letter further stated that the policy was "out of force according to its terms for non-payment of premiums," but that if insured would at once forward "money order or other form of payment," his request for reinstatement of the policy would be given further attention. Some two weeks later insured died. No action was taken concerning this last suggestion, and no further effort made in the way of premium payment.

There was introduced the stub of the check with notations thereon such as "void" and "ret.," and evidence indicating such was either in the handwriting of insured or of his daughter, who was his bookkeeper, but as we do not consider this phase of the testimony essential in the determination of the

question now considered, we pass further consideration thereof.

Not only did it appear from the registry receipt that insured received the letter, but upon the trial of the cause and on motion of defendant plaintiff produced the original letter and check. While it is true insured at the time of his death held the company's premium receipt, yet at the same time he also was in possession of his dishonored check which he had forwarded for the premium and a letter from the company informing him of the invalidity of the receipt, and that his policy was not effective for nonpayment of the premium.

The insured was informed that (to use the language of Hayworth v. Philadelphia Life Ins. Co., supra) "A worthless check is not a payment," and the company acted promptly in giving such notice and in declaring invalid the receipt which had been issued. There is no evidence indicating a willingness to waive cash payment, but, on the contrary, all the proof tends to show that the check was considered only "as a convenient means of getting the money," and immediately upon its return dishonored was repudiated and forwarded to the insured.

While we recognize the rule that forfeitures are not favored, yet it is also well settled that the law never implies the waiver of a legal right, except from conduct which is plainly inconsistent with the assertion of that right. Provident Life & Accident Ins. Co. v. Hollums, 213 Ala. 300, 104 So. 522.

In the instant case the policy had lapsed for nonpayment of the premium when due, and our cases fully recognize that prompt payment is essential to the successful operation of an insurance business. Imperial Life Ins. Co. v. Glass, 96 Ala. 568, 11 So. 671; Norris v. New England Mut. Life Ins. Co., 198 Ala. 41, 73 So. 377; Travelers' Ins. Co. v. Brown, 138 Ala. 526, 35 So. 463.

The question was one of reinstatement of the policy, and the premium receipt was issued upon the presumption the check would be paid upon presentment. Upon its dishonor the company acted promptly and gave due notice of the consequent invalidity of the premium receipt, and that the policy was ineffective. There appears no proof of conduct in the least inconsistent with this position, or as indicating a waiver of its rights to have the premium paid in money. We therefore conclude that under the undisputed proof the affirmative charge was properly given for nonpayment of the premium due July 22, 1930, and that the judgment of the court below should be here affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.