321 So.2d 671

**Norma J. HENDERSON, Individually, and as Administratrix of the Estate of Hugh Gail Henderson, Deceased**

**v.**

**NATIONWIDE LIFE INSURANCE COMPANY.**

**Civ. 555.**

Court of Civil Appeals of Alabama.

Sept. 10, 1975.

Rehearing Denied Oct. 8, 1975.

**330**

Johnston & Shores, Birmingham, for appellant.

Dortch, Wright & Ford,· Gadsden, for appellee.

BRADLEY, Judge.

Hugh Gail Henderson, husband of the plaintiff-appellant, was an employee of Brad's Machine Products, Inc. of Gadsden, Alabama, hereinafter referred to as "Brad's". Since 1967 Brad's had held a group life insurance policy with the defendant-appellee, Nationwide Life Insurance Company, under which its employees received coverage but contributed no portion of the premiums.

The contract of insurance provided that premium payments were due on the first day of each month, that the policyholder was allowed a thirty-one day grace period to pay any premiums due, during which time the policy would remain in force, but that if any premium was not paid prior to the end of the grace period, the policy terminated. There was no provision in the policy for notice of termination for nonpayment, nor for reinstatement of the policy should it be terminated for non-payment of premiums.

On July 1, 1970 Hugh Gail Henderson received a certificate of insurance under the group policy, designating plaintiff as beneficiary.

Brad's did not pay·premiums on the policy for the months of September, October and November 1970. On November 23, 1970 an employee of the defendant telephoned Brad's personnel manager concerning the policy. A memorandum of that phone call, Exhibit "G" below, was kept in defendant-Nationwide's files as part of the service record on the policy of insurance held by Brad's. The text of the memorandum states:

> "Called this PH [policyholder] today to determine if the Sept., Oct. & Nov. premiums were going to be paid.
>
> "Talked to Ben Benefield, new Personnel Mgr. who seemed to be unaware of the outstanding prem. He said he would have it sent in right away.

"I gave him one week & indicated we could not allow the case to continue in a lapsed position much longer."

On December 1, 1970 Brad's wrote defendant that their business was being acquired by another corporation, and that further phone calls from defendant would not be answered, but that delinquent accounts would be honored.

On December 8, 1970 Nationwide wrote Brad's that the policy had been cancelled as of September 1, 1970 due to non-payment of premiums.

On November 24, 1970, one day after Nationwide's telephone call to Brad's, Hugh Gail Henderson died in a motor vehicle accident. He was still employed by Brad's on the date of his death.

On December 14, 1970 plaintiff's attorney wrote defendant that plaintiff had presented her claim under the policy to Brad's and had been informed that the policy was no longer effective. · On December 28, 1970 defendant replied that the policy had been cancelled on September 1, 1970.

On December 30, 1970 plaintiff, Norma J. Henderson, filed suit against defendant, Nationwide Life Insurance Company in the Circuit Court of Etowah County seeking to recover $6,000, the face amount of the policy of insurance issued by defendant to Brad's Machine Parts, Inc. on the life of Hugh Gail Henderson. Plaintiff alleged in her complaint that the policy was still in force on the date of her husband's death. Defendant's demurrer to the complaint was overruled and the case went to trial on the basis of the pleadings, stipulations and memorandum briefs of the parties. The court sitting without a jury rendered judgment for the defendant on February 20, 1975 and plaintiff filed notice of appeal from that judgment on March 24, 1975.

■ Plaintiff's sole assignment of error contends that the trial court erred in entering judgment for the defendant. In a non-jury case a general assignment of error, such as has been filed in the present case, is sufficient to raise the question of the sufficiency of the evidence to support the judgment. *Jones Valley Finance Co. v. Tennille*, 40 Ala.App. 284, 115 So.2d 495, cert. den. 270 Ala. 738, 115 So.2d 504.

Plaintiff concedes in brief that a forfeiture of rights under the policy in question occurred due to Brad's failure to make premium payments on September 1, October 1, and November 1, 1970; however, she says that defendant waived its right to assert this forfeiture by reason of its telephone call to Brad's on November 23, 1970. Defendant replies that the telephone call of November 23, 1970 was not inconsistent with asserting the forfeiture, for it was merely an invitation for Brad's to reinstate a presently lapsed policy for non-payment of premiums, and defendant says that such an invitation does not amount to a waiver.

■ The only evidence of waiver in the record is the previously quoted memorandum. The language of this document is sufficiently ambiguous to prevent it from amounting to an express waiver; however, a waiver can be implied if the memorandum established a record of conduct inconsistent with the insurer's intention to enforce forfeiture.

■ In support of a finding of implied waiver, there are two possible interpretations of the content of the memorandum in question, and they are: (1) if the message referred to was an offer to defer cancellation until a future date, it is then implied that the policy will continue in force until the date specified; (2) if the communication was an attempt to collect premiums as a still existing obligation of the employer with no qualifying language indicating any other purpose for the payments, then the claims for the three monthly premiums in question are inconsistent with defendant's denial of coverage for those months, and would be an implied waiver of the default. To us, the statement in the memorandum

to the effect that Brad's had been given one week from the date of the telephone call to pay three prior months' premiums clearly implies that, if the premiums were paid within that week, policy coverage would continue in force and effect as if the payment had been made as originally scheduled. Thus, cancellation of the policy was deferred until the expiration of the one-week period. This, as we see it, is a clear implied waiver of the forfeiture. Under our second possible interpretation of the memorandum we are convinced that the defendant, through its employee, was claiming a right to collect premiums as a still existing obligation of Brad's on the group insurance policy. Since there was no qualifying language in the memorandum to indicate any purpose served by these payments other than to satisfy the delinquency of the premiums for September, October and November, such a claim by the defendant would be inconsistent with its denial of coverage for those months, and would certainly imply a waiver of any forfeiture resulting from the delinquency. We are therefore convinced that an implied waiver of the forfeiture occurred on November 23, 1970.

We do not accept defendant's contention that the telephone call on November 23 was an invitation for Brad's to reinstate a presently lapsed policy. Granted, the memorandum stated that the policy was at that time in a lapsed condition due to Brad's failure to pay the premiums for September, October and November; however, that same memo said that Brad's had been given one week to pay the overdue premiums, which, as we have found, clearly implied that until that week passed without payment, the policy would remain in effect. The correctness of this conclusion is greatly bolstered by the absence in Brad's policy of any stipulation for reinstatement in case the policy was terminated due to non-payment of premiums.

All of the cases cited by defendant in support of its contention that the memorandum amounted to an invitation to reinstate the policy involved situations where the policy itself contained a mechanism for such reinstatement. *Ross v. State Life Ins. Co.,* 225 Ala. 410, 143 So. 827; *Karr v. Liberty National Life Ins. Co.,* 222 Ala. 382, 132 So. 903; *Provident Life & Accident Ins. Co. v. Hollums,* 213 Ala. 300, 104 So. 522. The case of *Lett v. Liverpool & London & Globe Ins. Co.,* 213 Ala. 488, 105 So. 553, sets forth the rule that a request for payment of premiums operates as an invitation for reinstatement according to the provisions of the policy. Of course, there is no such provision in the case at bar.

■ Defendant further contends that the evidence does not show that its employee had authority to waive the policy forfeiture in a manner which bound defendant.

The stipulation of facts, which the trial court had before it, provides, in part, as follows:

"9. That Exhibit 'G' attached hereto, consisting of one page, is a true and correct copy of a memorandum dated November 23, 1970 maintained by the defendant as part of its records in the ordinary course of business on the policy account of Brad's Machine Products, Inc."

In *United Burial & Ins. Co. v. Collier,* 24 Ala.App. 546, 139 So. 104, cert. den. 224 Ala. 57, 139 So. 106, the Court of Appeals of Alabama said:

"Corporations act in dealing with third persons only through agents, and the powers of an agent of an industrial insurance company are governed by the general law of agency. An insurance agent, whether general or special, possesses such powers as have been conferred by the company, or as third persons have a right to assume that he possesses under the circumstances of the case; and as a general rule his powers,

as to those dealing with him, are determined by the nature of the business intrusted to him and prima facie coextensive with its requirements. 32 Corpus Juris 1062 (139).

"In this state an insurance company is bound by all acts, contracts, or representation of its agents, which are within the scope of his real or apparent authority."

The facts in the present case show that defendant's employee phoned the personnel manager of Brad's to see if the September, October and November premiums were going to be paid. The personnel manager said he would send money for the premiums in right away. Defendant's agent gave him one week to pay.

The only reasonable conclusion to be gathered from the memo in defendant's office files is that the employee was asking for payment of the premiums and, when assured that they would be paid, gave Brad's one week to make payment. We also conclude that Brad's personnel manager considered this employee to have the apparent authority to collect the premiums, for he told the employee that he was unaware of the delinquent premiums and would pay them right away. Furthermore, the authority to extend the time for payment was impressed on Brad's personnel manager when defendant's agent gave him an additional week in which to pay the premiums.

The supreme court in *Occidental Fire and Casualty Co. v. Eidson*, 279 Ala. 111, 182 So.2d 375, said:

"An insurer's agent, authorized to collect premiums, has implied authority to extend payment. . . ."

The memo found in defendant's own business records indicates that its employee was soliciting the payment of overdue premiums from Brad's, and there is nothing in the record to suggest a contrary conclusion. Consequently, we are convinced that the defendant's home-office employee,

while acting as an agent soliciting the payment of premiums from Brad's, extended the time of their payment; that in so doing he waived on behalf of defendant the forfeiture of rights under the policy for non-payment of premiums; that plaintiff's decedent was covered by the policy in question on the date of his death; and that plaintiff is entitled to collect the face amount of the policy.

█ This case was submitted to the trial court sitting without a jury on the basis of the pleadings, a stipulation of facts and documents, and memorandum briefs. Where evidence was before the trial court by stipulation, and oral testimony had not been taken, the ore tenus rule of review does not apply, the findings of the trial court do not carry any presumptions of correctness, and the appellate court must consider the evidence de novo in light of applicable legal principles. *Kennedy v. Henley*, 293 Ala. 657, 309 So.2d 435; *Donald v. Donald*, 270 Ala. 483, 119 So.2d 909. As has been decided above, the judgment rendered on behalf of defendant was erroneous; it should have been in favor of the plaintiff. Therefore, the judgment entered below is reversed and one is rendered here awarding the face amount of the insurance policy in question, i. e., $6,000, to the plaintiff as beneficiary of Hugh Gail Henderson, deceased employee of Brad's Machine Products, Inc.

Plaintiff also asserts that the policy was not effectively cancelled as to the coverage of her decedent because he was entitled to notice of the cancellation and received none. Because we have already found that the cancellation was waived by defendant, no purpose would be served in this case by a ruling on this argument, and this issue is not reached by our holding here.

Reversed and rendered.

WRIGHT, P. J., and HOLMES, J., concur.