The State Department of Revenue appeals from a decree rendered by the Circuit Court of Montgomery County holding that Tri-State Pharmaceutical's sales of pharmaceutical drugs to hospitals were sales for resale or wholesale sales and therefore not subject to tax. We reverse.
Pursuant to Code of Alabama 1975, § 40-2-22, appellee Tri-State Pharmaceutical (hereinafter referred to as Tri-State) appealed to the Circuit Court of Montgomery County from nine final assessments entered by appellant Department of Revenue, State of Alabama (hereinafter referred to as the State). The trial court ordered that these nine cases be consolidated for trial. The pre-trial order and stipulation of facts filed in these cases provided for the disposition by agreement of the parties of all or portions of five of these cases. The present appeal by the State concerns only that portion of the lower court's decree pertaining to the four final assessments involved in Civil Action No. CV-77-255 and Civil Action No. CV-78-177 (assessments of State sales tax); Civil Action No. CV-78-181 (assessment of City of Enterprise use tax); and Civil Action No. CV-78-179 (assessment of Covington County use tax). The amounts of these four assessments are not in dispute. At issue is the question of Tri-State's liability vel non for these assessed amounts. *Page 912 
The parties to this appeal further stipulated below that:
 Resolution of the issues surrounding the sales of pharmaceutical drugs by [Tri-State] to Coffee General Hospital, Enterprise, Alabama, which sales are the sole subject of the assessment appeal of which is made in Civil Action No. CV-78-181, will constitute resolution and determination of all other cases consolidated and not otherwise disposed of by this order and stipulation. Therefore, if the sales to Coffee General Hospital are determined to be exempt from the imposition of the sales or use taxes, this determination will control the disposition of all the other consolidated cases before this court not otherwise disposed of pursuant to this order and stipulation.
The facts involved in Civil Action No. CV-78-181, as set forth in the pre-trial order and stipulation of facts, are as follows:
 Tri-State Pharmaceutical was, during the relevant taxable period, engaged in the business of selling pharmaceutical drugs to hospitals in Alabama. The amounts now in controversy following the stipulations set forth above are entirely concerned with sales of pharmaceutical drugs by [Tri-State] to hospitals located in Dothan, Elba, and Enterprise, Alabama. Tri-State made sales of drugs to Coffee General Hospital in Enterprise, Alabama, which hospital the parties agree to be representative of the vendees in question in all cases presently before this court. These sales were the subject of the assessment appealed from by . . Tri-State in Civil Action No. CV-78-181. (Coffee General, like all of the hospital vendees in question in these appeals, is a private hospital; public hospitals are exempt from payment of sales and use taxes in Alabama). Following the sale of those drugs to Coffee General the drugs were administered to patients in that hospital. Those drugs were dispensed to patients by hospital personnel pursuant to either specific or standing orders of an attending physician. No prescription drugs of the type sold by Tri-State to Coffee General were dispensed to hospital patients without specific prescription or order from an attending physician. A charge for all drugs so prescribed and administered to each patient by Coffee General is listed as a separate item on each bill rendered by the hospital to the patient or the third party payor responsible for payment of the patient's medical care bills. Included in the itemized charges to patients made by Coffee General for prescription drugs administered to patients are (a) the wholesale cost of the drugs (b) a charge to cover the costs of operation of the hospital pharmacy (including the pharmacist's salary), (c) a charge to cover a contribution to general hospital overhead and (d) a return on the equity interest of the owners of the hospital. No sales tax is added by Coffee General to the charge made by it for drugs administered to patients.
The cases were submitted to the trial court upon the pleadings, trial briefs, exhibits and stipulation of facts agreed upon by the parties. The trial court on October 27, 1978 entered a decree in favor of Tri-State, absolving it from liability for the payment of the four contested assessments. The trial court in its written opinion framed the issue to be decided thusly: whether the sales of drugs by Tri-State, which drugs are subsequently administered by Coffee General Hospital to its patients in that hospital, are subject to sales or use taxation in Alabama as being "retail sales" or "sales for use or consumption," or whether such sales are "wholesale sales" or "sales for resale" and therefore not subject to taxation.
The trial court correctly stated the applicable law as follows:
 The City of Enterprise Use Tax is levied upon all storages, uses or consumptions of tangible personal property in the City of Enterprise. This tax is imposed pursuant to Act No. 917 enacted at the 1969 Regular Session of the Legislature of Alabama and City of Enterprise Ordinance No. 225-B. Pursuant to Act No. 917, the tax is parallel to the State Use *Page 913 
Tax; therefore the question reduces to one of applicability of the State Use Tax. That tax is properly laid when there is a purchase of personal property at retail and that property is brought into the City of Enterprise and stored for use or other consumption but not for resale. Pursuant to Section 40-23-60 (4) of the Code, all purchases of tangible personal property are deemed to be at retail, and therefore taxable, unless the purchase is a wholesale sale. If the purchase is at wholesale, the Use Tax is, by definition, inapplicable.
 The Use Tax, as a complement of the Sales Tax, is a tax levied on, and is to be paid by or in respect of, the ultimate consumer of a product. State v. Thiokol Chemical Corporation, 46 Ala. App. 558, 246 So.2d 447
(1970). In defining what constitutes use or "consumption," the Legislature has provided under [Code of Alabama 1975] Section 40-23-60 (4)(a) that wholesale sales are not subject to the Sales Tax. Section 40-23-60 (4)(a) further states that a wholesale sale "does not include a sale by wholesalers to users or consumers not for resale."
Applying these principles to the stipulated facts, the trial court concluded that:
 Tri-State made wholesale sales of drugs (as opposed to retail sales of those items) to Coffee General, since, as a matter of law, Coffee General, did not itself use or consume the drugs, but rather resold them to its patients. Therefore, no sales or use tax would be due to be collected by Tri-State from Coffee General and no City of Enterprise Use Tax would be due to be paid by Tri-State.
The State contends on appeal, as it did below, that the sales by Tri-State to Coffee General Hospital were taxable retail sales because Coffee General uses or consumes the drugs in rendering services to its patients. In support of its contentions the State cites Sales and Use Tax Regulation H15-021 (adopted March 9, 1961; amended November 1, 1963), which provides in relevant part:
 Hospitals, infirmaries, sanitariums and like institutions are primarily engaged in the business of rendering services. They are not liable for sales tax with respect to their gross receipts from meals, bandages, dressings, drugs, X-ray photographs or other tangible personal property when such items of tangible property are used in the rendering of a hospital service. This is true irrespective of whether or not such tangible items are billed separately to their patients. Hospitals, infirmaries, and sanitariums are deemed to be the purchasers for use or consumption of such tangible personal property, and the sellers of these items to hospitals, infirmaries or sanitariums are required to collect the tax on sales of such property to hospitals.
The State also cites a related departmental regulation dealing with Medicaid, M18-011 (adopted March 18, 1970; amended on November 9, 1970 and September 20, 1974), which states in relevant part:
 Hospitals and nursing homes purchasing tangible personal property for use in furnishing services to Medicaid recipients are not exempt from sales or use tax. Hospitals and nursing homes are primarily engaged in the business of rendering services. They are not liable for sales tax with respect to their gross receipts from meals, drugs, or other tangible personal property used in rendering hospital or nursing home service. Hospitals and nursing homes are deemed to be the purchasers for use or consumption of such tangible personal property, and the sellers of these items to hospitals and nursing homes are required to collect the tax on sales of such property to hospitals and nursing homes (see Rule H15-021).
It is an established rule of appellate review that where a case is submitted to the trial court sitting without a jury on the basis of pleadings, stipulations of fact, exhibits and trial briefs, and oral testimony has not been taken, the ore tenus rule of review does not apply; the findings of the trial court do not carry any presumption of correctness, and the appellate court must consider the evidence de novo in light of *Page 914 
applicable legal principles. Sheehan v. Liberty Mutual FireInsurance Co., 288 Ala. 137, 258 So.2d 719 (1972); Henderson v.Nationwide Life Insurance Co., 56 Ala. App. 329, 321 So.2d 671,cert. den. 295 Ala. 405, 321 So.2d 675 (1975).
We note further that the above-quoted Regulation H15-021 was adopted over seventeen years ago, and has been enforced without challenge since that time. It is an established rule of statutory construction that when a tax statute has been construed by the highest officials charged with the duty of administering the tax laws, such construction should be given favorable consideration by the courts, especially if such construction has stood unchallenged for a considerable time.East Brewton Materials, Inc. v. State, Department of Revenue,45 Ala. App. 584, 233 So.2d 751 (1970), and cases cited therein. The weight to be given by this court to this principle is substantially increased when it is considered that the legislative history of § 40-23-60 (formerly Title 51, § 787) indicates that the statute has been either totally reenacted or amended by the legislature numerous times since the promulgation of the administrative interpretation. Id. Such action by the legislature may be considered legislative approval of the departmental construction. Haden v. McCarty,275 Ala. 76, 152 So.2d 141 (1963); Crutcher Dental Supply Co.v. Rabren, 286 Ala. 686, 246 So.2d 415 (1971).
After careful consideration we have concluded that the State's position is the better reasoned view. Hospitals are not in the business of selling drugs or other tangible personal property, but are primarily in the business of renderingservices to their patients. Drugs and other items are purchased by them for use or consumption in the rendition of these professional services, and any transfer of the drugs by a hospital to its patients is but an incident to the services rendered. Consequently, the sales by Tri-State to Coffee General Hospital are "retail sales," and sales tax is due to be collected by Tri-State as the retail seller.
We find support for our conclusion in Haden v. McCarty,supra; and Crutcher Dental Supply Co. v. Rabren, supra. InMcCarty the Alabama Supreme Court approved the trial court's holding that dentists are not engaged in merchandising, and that the supplying of dental prostheses is incidental to the professional service rendered by the dentist to the patient.
In Crutcher Dental Supply Co. our supreme court held that sales of materials used in the manufacture of dental prostheses by a dental supply company to laboratories and dentists were not wholesale sales. That opinion upheld the validity of a regulation which provided that such sales were retail sales and imposed on the dental supply companies the duty to collect and remit to the State the sales tax due on such sales.
In light of the analogous authority provided by these two cases, we are constrained to uphold the validity of the departmental regulation herein contested. We think the trial court erred to reversal in holding Regulation H15-021 invalid and in concluding that the sales of drugs by Tri-State to Coffee General Hospital were wholesale sales. Consequently, the judgment of the trial court is reversed and the case is remanded for entry of judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.