HOLMES, Judge
(dissenting).
I respectfully dissent.
I believe that the dispute between the parties to this appeal can be resolved by giving a plain reading to the pertinent statute, and by then applying that plain reading of the statute to the instant facts.
Section 40-23-4.1 reads as follows:
“(a) The term ‘drugs’ shall include any medicine prescribed by physicians when the prescription is filled by a licensed pharmacist, or sold to the patient by the physician, for human consumption or intake.
“(b) In addition to any and all items exempt from gross sales tax, certain drugs, as defined in subsection (a) of this section, shall be exempt from state gross sales taxes as defined in section 40-23-2.” (Emphasis supplied.)
A fundamental rule in cases involving statutory interpretation, such as the one at bar, is that, where a statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction, and the clearly expressed intent of the legislature must be given effect. Dumas Brothers Manufacturing Co. v. Southern Guaranty Insurance Co., 431 So.2d 534 (Ala.1983). I believe this to be such a case where the legislature has made its intention clear in the language of the statute.
My reading of the statute reveals that “certain drugs,” as defined in the statute, are exempt from gross sales tax. Those “drugs” are defined to include medicines “prescribed by physicians when the prescription is filled by a licensed pharmacist, or sold to the patient by the physician, for human consumption or intake.” Ala.Code (1975), § 40-23-4.1(a) (1985 Repl.Vol.). I cannot read that definition to mean anything other than what it says — that is, that the point in time at which the exemption applies is “when the prescription is filled ... or sold to the patient by the physician.”
*49 The taxpayers in this case contend that “when” in the above definition actually means “if.” They argue that such an interpretation of this operative word in the statute should lead to a conclusion that they are entitled to the exemption. They contend, in effect, that all of the drugs they purchase will eventually be prescribed by physicians, thus triggering the statutory exemption, if their interpretation of the word “when” is accepted. I cannot accept that interpretation of the statute.
In my view, under the instant facts the taxable event occurs when the hospital purchases the drugs from the supplier of the drugs.
In State v. Tri-State Pharmaceutical, 371 So.2d 910 (Ala.Civ.App.1979), we held that hospitals, such as the taxpayers in this case, are not in the business of selling drugs, but in the business of rendering services to their patients. We held that purchases of drugs by a hospital from a drug supplier were retail sales and that hospitals were liable for sales tax on those purchases. I see nothing in the statute in question to change the effect of that holding. The statute could have been easily drafted by the legislature to clearly exempt hospitals from sales tax at their point of purchase of drugs from corporate suppliers. The legislature did not do so.
It is well settled that exemption statutes, such as the one in this case, must be construed against the taxpayer. State v. Advertiser Co., 257 Ala. 423, 59 So.2d 576 (1952). This being so, and in light of TriState Pharmaceutical and my plain reading of the statute, I would affirm the Jefferson County Circuit Court’s decision and reverse that of the Mobile County Circuit Court.
I would note that, while issues such as upon whom a tax will ultimately fall are of course an important concern, they are not ones to be addressed by a court when a legislature has clearly expressed its intent on an issue.