223 So.2d 594

**STATE of Alabama**

v.

**Robert R. REID, Jr.**

**6 Div. 387.**

Supreme Court of Alabama.

May 29, 1969.

Robert R. Reid, Jr., Birmingham, for appellee.

MacDonald Gallion, Atty. Gen., Willard W. Livingston and Herbert I. Burson, Jr., Asst. Attys. Gen., for appellant.

LIVINGSTON, Chief Justice.

This appeal is from a decree of the Circuit Court of Jefferson County, Ala-

bama, in Equity, setting aside a final assessment for income taxes made by the Department of Revenue of the State of Alabama against Robert R. Reid, Jr., appellant below and appellee here. See Title 51, Sec. 140, Code of Alabama 1940, Recompiled in 1958.

Appellee Reid filed his 1964 state income tax return and claimed as an exemption, under Sec. 388, Title 51, Code of 1940, as amended by Act No. 112, Acts of Alabama 1959, p. 634, certain sums he had received from savings and loan associations, of which he was an accountholder, and from U. S. Pipe and Foundry Company. In auditing appellee's return for 1964, the Income Tax Division disallowed the sum of $1,582.68 received from savings and loan associations qualified as domestic corporations and $36.00 received from U. S. Pipe and Foundry Company.

Appellee did not contest the disallowance of the sum received from U. S. Pipe for reasons not here material.

The case in the lower court was submitted for final decree on the bill of complaint, answer, a stipulation of the facts and on arguments of counsel. No witnesses were presented.

The lower court issued its final decree in favor of the appellee, appellant below, and the State of Alabama, Department of Revenue, timely filed notice of appeal to this Court.

Section 388, Title 51, as amended by Act No. 112, supra, provides, in pertinent part, as follows:

"Section 388. EXEMPTIONS—The following exemptions from income taxation shall be allowed to every individual resident taxpayer: * * * Dividends received on stocks of domestic corporations, including liquidating dividends paid from income of domestic corporations on which the corporation distributing such dividends has paid all income taxes due the State of Alabama in the current or prior tax years. * * * amounts received as dividends from national banks or national banking associations, or from corporations engaged in the business of banking or financial business employing moneyed capital coming into competition with the business of national banks, and also net income realized by individuals and partnerships from time to time in the business of banking or of conducting a financial business employing moneyed capital coming into competition with the business of national banks, only during and for the periods which such national banks, national banking associations, corporations, individuals, and partnerships are subject to an excise tax imposed by this state on or with respect to such income, and dividends paid by any such corporation, association, bank, individual or partnership out of income subject to such excise tax; * * *."

Appellee contends that the intent of the legislature is to exempt dividends of savings and loan associations and that sums paid by such associations are, by reason of the provisions in Sec. 225 of Title 5, Code of Alabama 1940, Recompiled in 1958, and for other reasons, included within the meaning of the above excerpt.

Section 225 of Title 5, supra, which contains the provisions referred to above, reads in pertinent part, as follows:

"§ 225. Dividends.—* * * Payments of net earnings to accountholders are dividends and shall not be referred to as interest. * * *"

The State, on the other hand, contends that Alabama's Income Tax Law, which is found in Chapter 17, Sec. 376, Title 51, Code 1940, Recompiled in 1958, defines dividends, specifically for income tax purposes, as follows:

"§ 376. Definitions.—* * * (1) The term 'dividends' as used in this chapter shall be held to mean all dividends *from stocks* whether paid in cash or property of the corporation. * * *" (Emphasis supplied.)

194

The State's position is that dividends from savings and loan associations are not *from stocks* and, therefore, cannot qualify for the exemption as provided in Sec. 388, supra. Also, the State argues that since the legislature specifically defines dividends in the income tax law that the definition of dividends found in Title 5, Sec. 225, supra, is not controlling; but the definition as found in Title 51, Sec. 376, supra, the income tax law for Alabama, is controlling.

■ The sole question presented here is whether the payments from the savings and loan associations to the appellee are exempt from income tax under Sec. 388, supra. To answer the question, a determination of legislative intent must be made

Section 388 of Title 51, as amended, supra, exempts from state income taxation dividends received on stocks of domestic corporations. Title 5, Chapter 11, governing savings and loan associations, provides that such associations are, or can be, domestic corporations; that the members of such associations possess an equity interest or ownership therein, because of their membership, and, that payments of net earnings received by members of such associations on their membership accounts are specifically, by law, denominated dividends and not interest. See Sections 212–238, Chapter 11, Title 5, Code of 1940, Recompiled in 1958.

The latter point raised, we think, is most important. Section 225, Title 5, Chapter 11, supra, categorically declares the intent of the legislature by providing, in part, "Payments of net earnings to accountholders [of savings and loan associations] are dividends and shall not be referred to as interest." It is difficult for us to conceive of a more matter-of-fact way of declaring legislative intent than to do what the legislature did, i. e., write out exactly what it intended.

We note that the Department of Revenue initially shared this view as early as the mid-fifties, and departmental regulation

384(2) (f), in effect until 1964, provided as follows:

"Subsection 384(2) lists items which are not to be included in gross income.

"Dividends from shares of savings and loan associations organized under the laws of the State of Alabama are exempt. * * *"

It seems to us that since payments of net earnings to accountholders in such associations are characterized by the legislature as dividends, when coupled with a long-time departmental characterization of the investments of accountholders in such associations as shares, there becomes apparent an inescapable relationship between dividends and shares, and shares and stock ownership, sufficient to override the State's contention that dividends to accountholders are not *from stock* and, therefore, not included within the meaning of Sec. 388, supra. The relationship becomes increasingly important when it is considered, first, in light of the initial departmental construction of Sec. 388, supra, which recognized the deduction, and, second, that in more than a decade that the deduction was recognized, the legislature, at least once, amended and made no changes in Sec. 388, supra, purporting to reverse the revenue department's administrative ruling 384(2) (f), supra, which allowed the deduction. In light of 384(2) (f), the department's present position, which for a long time was no position at all, becomes more and more untenable.

■ It is an established rule of statutory construction that when a tax statute has been construed by the highest officials charged with the duty of administering the tax laws, such construction should be given favorable consideration by the courts, especially if such construction has stood unchallenged for a considerable time. And the weight to be given an administrative interpretation is increased when the legislature, in re-enacting the law, fails to indicate in any way its disapproval of the settled administrative construction. State v. Bir-

mingham Rail and Locomotive Co., 259 Ala. 443, 66 So.2d 844; State ex rel. Fowler v. Stone, 237 Ala. 78, 185 So. 404; State v. H. M. Hobbie Grocery Co., 225 Ala. 151, 142 So. 46.

The Revenue Department insists, however, that the statutory pronouncement contained in Sec. 225, supra, stating that payments of net earnings to accountholders of savings and loan associations are to be treated as dividends and not interest is of no force and effect when considered in light of Sec. 388 of Title 51, supra. The State's position is based on such arguments as the legislature's right to be its own lexicographer; on the fact that in defining the term dividend in the Income Tax Law, specifically Sec. 388, supra, the words "from stock" were added, thereby demonstrating the legislature's intent to exclude all other dividends except those "from stock." We find it difficult to accept this position

█ It is the opinion of this Court that since the two sections of the Code here under consideration were enacted by the same session of the legislature and since in both sections the subject of dividends is considered, then, and for this reason, they should be construed in pari materia. Donoghue v. Bunkley, 247 Ala. 423, 25 So.2d 61. The declaration of legislative intent in Sec. 225 of Title 5, supra, cannot be clearer, i. e., *"Payments of net earnings to accountholders are dividends and shall not be referred to as interest."* (Emphasis supplied.) Nowhere in this section is there any indication that it is to apply only to Title 5, Chapter 11, relating to savings and loan associations. Consequently, payments specifically denominated dividends in one section of the Code should, as a practical matter, equally be dividends in another section of the Code unless a clear and unambiguous expression to the contrary is apparent. The Revenue Department's position, we think, places an unreasonably restrictive construction on Sec. 388 of Title 51, by asserting that dividend means one thing in that section of the Code and something else in another section of the same Code, particularly when no legislative pronouncement exists to that effect and when one is aware that both sections were approved during the same session of the legislature and that the initial interpretation placed by the department on Sec. 388, supra, which position they now reverse after more than a decade, is the very same interpretation which the taxpayer is here asserting.

Moreover, the sum total of the provisions of Sec. 225 of Title 5, supra, seems to us to establish that the accountholders of savings and loan associations are the equity owners of said business and that since they do not receive payments of earnings under any contract providing for a fixed rate of return, it follows that any return they receive on their investment accounts must be a form of dividend. Absent a clear declaration to the contrary, we must conclude that the statement as to payments in Sec. 225 of Title 5, supra, controls for tax purposes as well.

In view of our findings, we do not think it necessary to take up other arguments made by appellee in support of the decree of the lower court.

It is our opinion that the intent of the legislature in providing in Sec. 225 of Title 5, supra, that "Payments of net earnings to accountholders [in savings and loan associations] are dividends and shall not be referred to as interest," permits accountholders of savings and loan associations which qualify an income tax exemption, as discussed herein, by bringing them within Sec. 388, Title 51, supra, which provides for such income tax exemptions.

The decree of the lower court, therefore, should be, and is affirmed.

Affirmed.

SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.