This appeal involves the Alabama corporate income tax. We granted certiorari in order to determine whether the Court of Civil Appeals, 503 So.2d 296, correctly decided three issues of first impression.
Kimberly-Clark is a foreign corporation registered to do business in Alabama; it conducts business in Alabama and many other of the United States, as well as in the international marketplace. Alabama income tax on corporations doing business both within and without Alabama is calculated by means of an apportionment formula that compares the corporation's net income (derived from property, payroll, and sales) from business done within Alabama to that from business both within and without Alabama. That formula may be expressed as:
 net income from business done in Alabama net income from business done both within and without the state of Alabama.
Petitioner originally filed suit in circuit court seeking refund of a portion of its 1977-1981 income taxes. The trial court ruled in Kimberly-Clark's favor on all three issues raised; it held: (1) that, under Code 1975, § 40-18-35(13), Kimberly-Clark could deduct noncapital maintenance and operating expenses related to pollution control equipment from its apportioned (Alabama) income; (2) that, pursuant to Alabama Department of Revenue Regulation 810-3-31-.02(16)(b), sales to foreign countries from Alabama shipping points should not have been included as Alabama sales in determining the numerator value of the apportionment formula; and (3) that I.R.C. § 78 and § 951 Subpart F income should have been excluded from the denominator of the apportionment formula. The Court *Page 306 
of Civil Appeals reversed the trial court's rulings on all issues; we affirm that decision.
As we find that the Court of Civil Appeals correctly decided the first issue, we quote and adopt the following from Judge Wright's opinion:
 "Section 40-18-35, Code of Alabama 1975, sets out certain deductions that may be taken by a corporation when computing its net income. Generally, if the corporation does business both 'within and without' the state of Alabama, these specified deductions are allowed only 'to the extent that, such items are referable to or arise in connection with income . . . from sources within the state of Alabama.' Id. These expenses are therefore apportioned in order to 'fairly reflect the net income of the corporation attributable to its operations in Alabama.' Id.
However, no such apportionment is required when a foreign corporation elects to take a deduction under § 40-18-35(13), Code 1975. This subsection allows a deduction for:
 " 'All amounts invested during the taxable year in all devices, facilities or structures and all identifiable components thereof or materials for use therein, used or placed in operation in the state of Alabama, or to be used or placed in operation in the state of Alabama, acquired or constructed primarily for the control, reduction or elimination of air or water pollution; provided, that in lieu of deducting such amounts, the corporation may elect to amortize all such amounts over such period, not exceeding the useful life of devices, facilities or structures for which such amounts were expended, as it specifies in its tax return respecting the taxable year during which such amounts were expended, in which case it shall be entitled to appropriate deductions for the taxable years so specified; and provided further, that the taking of any deduction authorized by this subdivision shall be optional with the corporation; and that if any such deduction is taken with respect to such devices, facilities or structures, such corporation shall not be permitted any allowance for depreciation or obsolescence thereof otherwise allowable under this section.'
 "On appeal and in the court below, the taxpayer has taken the position that both capital and noncapital pollution control expenditures are deductible under § 40-18-35(13), Code of Alabama 1975. Under this position, the taxpayer argues that the only question remaining is whether these expenses are deductible from apportionable income (income before application of the apportionment fraction) or deductible from apportioned income (income after application of the apportionment ratio). See Department of Revenue regulation 810-3-31-.02; Kimberly-Clark Corporation v. Eagerton, 445 So.2d 566 (Ala.Civ.App. 1983). The Commissioner, on the other hand, takes the position that § 40-18-35(13) does not allow for the deduction of any noncapital pollution control expenditures. Instead, he argues that any such noncapital expense is deductible, if at all, only as an ordinary and necessary business expense under § 40-18-35(1). The trial court accepted the taxpayer's position. For a number of reasons, we disagree and reverse on this issue.
 "In interpreting a statute, it is the court's duty to ascertain and give effect to the legislative intent as expressed in the words of the statute. Kimberly-Clark, supra; Winstead v. State, 375 So.2d 1207 (Ala.Civ.App.), cert. denied, 375 So.2d 1209 (Ala. 1979). Further, when interpreting a taxation statute, exemptions and deductions must be strictly construed against a taxpayer and in favor of the taxing authority. State v. Hunt Oil Company, 49 Ala. App. 445, 273 So.2d 207, cert. denied [290 Ala. 371], 273 So.2d 214 (Ala. 1972); State v. Zewen, 270 Ala. 52, 116 So.2d 373 (1959).
 "Given these rules of construction, we consider that the legislature did not intend to allow for the deduction of both capital and noncapital expenditures under § 40-18-35(13). *Page 307 
 "It is generally accepted that a capital expenditure is one made for long-term betterments or additions. See I.R.C. § 263. Such an expenditure is in the nature of an investment chargeable to the future and should be added to the basis of the property improved. Id. These expenditures may not be deducted as ordinary and necessary business expenses. Instead, these must be depreciated over the useful life of the asset. See §§ 40-18-16, -35(6), Code 1975. Thus, a logical relationship exists between a capital expenditure and the tax concepts of 'amortization,' 'useful life,' 'depreciation,' and 'obsolescence.' No such logical relationship exists between these concepts and a noncapital expenditure.
 "In § 40-18-35(13), the legislature has allowed that a corporation may elect, 'in lieu of' taking the allowed deduction, 'to amortize all such amounts over such period, not exceeding the useful life of [the] devices, facilities or structures.' Further, if the corporation takes the deduction, it 'shall not be permitted any allowance for depreciation or obsolescence thereof.' From this language we determine that the legislature was only concerned with balancing the effect of a deduction allowed for capital expenditures. We are convinced that the legislature intended that a deduction be allowed under § 40-18-35(13) only for capital pollution control expenditures.
 "This interpretation of § 40-18-35(13) is supported by the legislature's use of the term 'invested' as a description of the expenditure they intend to make deductible under the section. The terms 'invest,' 'invested' or 'investment' are generally associated with capital expenditures made to acquire property or other assets. Cf. Hollingsworth Whitney Co. v. State, 241 Ala. 96, 1 So.2d 387 (1941). See generally Black's Law Dictionary 741 (rev. 5th ed. 1979); Words and Phrases, 'Invest, Investment.' These terms are generally not associated with noncapital expenditures. Under the strict rules of construction applicable to this case, we cannot, as did the circuit court, construe the word 'invested' to mean any expenditure made, whether it be capital or noncapital."
The petitioner contends that this Court's holding inEagerton v. Courtaulds North America, Inc., 421 So.2d 104 (Ala. 1982), supports its position. In Courtaulds, this Court construed the sales and use tax exemptions, Code 1975, §§40-23-4(16) and -62(18), to allow exemption, as "material," of fuel oil used to fire pollution control boilers. Kimberly-Clark asserts that the expenses here in question should be treated similarly. However, the sales and use tax statutes inCourtaulds are materially different from the income tax statutes at issue here. The sales and use tax provisions contemplate current sale or use; the income tax provisions, as discussed above, contemplate investment in durable goods and fixtures, not the expenses of materials for current consumption.
Petitioner's second issue, that sales to customers in foreign countries from Alabama shipping points should not be included in the numerator of the apportionment formula, must also fail. While Dept. of Rev.Reg. 810-3-31-.02(16) provides that sales made to foreign customers may be excluded when the taxpayer is subject to taxation in the state of the purchaser, petitioner failed to produce any evidence to show that it was subject to foreign taxation. The parties stipulated to certain facts relevant to this issue:
 "7. In accordance with the three-factor formula used in Department of Revenue regulation 810-3-31-.02, taxpayer's income [for the tax years 1977 through 1979] was apportioned based upon three factors: payroll, property and sales. Sales to foreign countries from Alabama shipping points were included in the computation of the numerator of the taxpayer's sales factor in its original returns."
In this regard, we again adopt the language of the Court of Civil Appeals:
 "We cannot determine, from the stipulated facts, to what degree the taxpayer has had business activities in the foreign *Page 308 
countries he asserts have taxing jurisdiction over him.
 "The burden of proving that he is subject to the taxing jurisdiction of another state or country is on the taxpayer. See State v. Weil, 232 Ala. 578, 168 So. 679 (1936) (citing Shaffer v. Carter, 252 U.S. 37 [40 S.Ct. 221, 64 L.Ed. 445] (1920)). See generally 85 C.J.S. Taxation § 1105C(3)(b)(1954). This is necessary because it is the taxpayer, not the department of revenue, that is in the best position to determine the extent and nature of its business activity in other states or countries. See Scott Williams, Inc., [117 N.H. 189, 372 A.2d 1305 (1977)]; Johns-Manville Products Corporation v. Commissioner of Revenue Administration, 115 N.H. 428, 343 A.2d 221 (1975), dismissed for want of substantial federal question, 423 U.S. 1069
[96 S.Ct. 851, 47 L.Ed. 79] (1976)."
Petitioner complains that, in so ruling, the Court of Civil Appeals articulated a new standard for determining whether a business is subject to taxation by a foreign jurisdiction. However, that standard is clearly expressed in Dept. of Rev.Reg. 810-3-31-.02(3)(c): the taxing power of a foreign state is measured by the same due process standards applicable to another of the United States. We agree that it is not unjust to hold Kimberly-Clark to a knowledge of this standard, and we uphold the Court of Civil Appeals' refusal to remand for more evidence on this issue.
Finally, we must also affirm as to petitioner's third issue. Kimberly-Clark correctly states our holding in State v.Chesebrough-Ponds, Inc., 441 So.2d 598 (Ala. 1983), wherein we held that net income computation for purposes of the Alabama income tax is not dependent on federal income tax definitions. However, we also find the Court of Civil Appeals to be correct in ruling that I.R.C. § 78 and § 951 Subpart F income should be included in the denominator of Kimberly-Clark's apportionment formula, as a benefit has inured to Kimberly-Clark by virtue of the federal income tax credit. As before, we adopt the language of the Court of Civil Appeals as our own:
 "For a number of reasons, we cannot escape the conclusion that this 'gross up income' must also be treated as 'gross income' under § 40-18-14, Code 1975. Therefore, this 'gross up income' must be included in the denominator of the formula at issue.
 "First, we note that § 40-18-14 expressly includes as gross income those 'gains, profits and income derived from . . . dividends.' While 'dividends' is not expressly defined by this section, the section was copied in large part from the federal statute, I.R.C. § 61. As such, the fact that 'gross up income' is a 'dividend' under the federal statute may be given some weight by this court. See State v. Gulf Oil Corp., 47 Ala. App. 434, 256 So.2d 172 (1971); Alabama Department of Revenue Regulation 810-3-14-.01(8).
 "Second, even if this 'gross up' income were not a 'dividend' under § 40-18-14(1), it would be included as 'gross income' under the catch-all phrase 'income derived from any source whatever.' See § 40-18-14(1). See also Regulation 810-3-14-.01(1) (defining gross income as 'all wealth flowing to the taxpayer from whatever source'). There can be no argument that the domestic corporation required to compute 'gross up income' has not received some economic benefit from its election to take the § 902 credit. As we have already discussed, it was this very economic preference for foreign subsidiaries that prompted Congress to pass § 78.
"* * * *
 "Taxpayer argues in brief that including this 'gross up income' in the denominator of the ratio at issue is precluded because the United States Supreme Court has characterized this as 'fictitious income.' See F.W. Woolworth Co. v. Taxation and Revenue Department of New Mexico, 458 U.S. 354 [102 S.Ct. 3128, 73 L.Ed.2d 819] (1982). Our reading of F.W. Woolworth Co. does not lead to such a conclusion.
 "In F.W. Woolworth Co., it was the Supreme Court of New Mexico that characterized *Page 309 
the 'gross up income' as 'fictitious,' not the United States Supreme Court. The Supreme Court did not hold that such income could never be taxed, but only that a state could not tax it if the domestic corporation's 'foreign subsidiaries . . . had no unitary business relationship with' that state. F.W. Woolworth Co., 458 U.S. 372-73 [102 S.Ct. 3139]. Finally, there has been no attempt made in the present case to impose an income tax on this 'gross up income' as was the case in F.W. Woolworth Co. The Commissioner is only attempting to include this income in the denominator of the federal income tax apportionment formula in order to determine the fair percentage of the taxpayer's federal income tax paid that may be deducted from its Alabama income tax.
 "Admitting that the State of Alabama is not attempting to tax either its 'gross up income' or its 'Subpart F income,' the taxpayer argues that these items should not be included as 'gross income' under § 40-18-14(1) because of this very reason. This argument must also fail. Our supreme court has stated that such items are not removed from the Alabama definition of net income just because they are not taxable in Alabama. Chesebrough-Ponds, Inc., supra. Section 40-18-14
'includes in gross income "all income derived from any source whatever . . . and against which income there is no provision for tax." ' Id."
In light of the foregoing, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur. *Page 817