RUSSELL, Judge.
This is an appeal from the trial court’s denial of a motion to quash a subpoena duces tecum requiring the Jackson County Health Department to release to the Jackson County Sheriff’s Department the results of an HIV (AIDS) test performed on an inmate housed in the Jackson County Jail.
While awaiting transfer to the Department of Corrections, the inmate was given the opportunity to voluntarily submit to an HIV test. He did so, but only after being assured by county health officials that the results of such test would remain confidential. The inmate was later personally informed of the test results. Subsequently, an action was brought to compel county health officials to release such results following the health officer’s refusal to do so voluntarily.
Following an ore tenus hearing, the trial court concluded that even though the inmate in question voluntarily submitted to the HIV test, the test was conducted pursuant to § 22-11A-17 of the Notifiable Diseases Act. Additionally, the court determined that under the provisions of Alabama Act No. 88-983, absolute discretion to divulge confidential test results to third parties was not vested exclusively in county health officials. The court further concluded that there existed a present danger which necessitated the need for the sheriff’s department to know the results of the inmate’s test despite testimony by a health department official that no such risk existed.
The State Department of Public Health appeals. We reverse.
Initially, we note that the judgment of a trial court following an ore tenus hearing is presumed correct and will not be set aside unless it is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). However, because we are concerned with construing statutory provisions, no presumption of correctness is attached to the actions of the trial court. Phenix City Board of Education v. Teague, 515 So.2d 971 (Ala.Civ.App.1987). Furthermore, when the language of a statute is clear and unambiguous, this court is obligated to apply the clear meaning of the statute. East Montgomery Water, Sewer & Fire Protection Authority v. Water Works & Sanitary Sewer Board, 474 So.2d 1088 (Ala.1985).
As we have stated, this action involves a question of statutory interpretation. The Notifiable Diseases Act stipulates that the *1317 State Board of Health shall have the responsibility of designating diseases and health conditions that present such risk to public health so as to warrant notification. Ala.Code (1975) (1984 Repl.Vol.), §§ 22-11A-1 through -37. Explicit in this Act, at § 22-11A-14, is the strict requirement that the confidentiality of test results be maintained by state and county health officials. With regard to the instant appeal, § 22-11A-17 states the following:
“(a) All persons sentenced to confinement or imprisonment in any city or county jail or any state correctional facility shall be tested for those sexually transmitted diseases designated by the state board of health, upon entering the facility, and any inmate so confined for more than 90 days shall be examined for those sexually transmitted diseases 30 days before release. The results of any positive or reactive tests shall be reported as provided in section 22-11A-14. Provided, however, the provisions of this section [§ 22-llA-17(a) ] shall not be construed to require the testing of any person prior to sentencing nor the testing of any person held in a city or county jail awaiting removal to a state correctional facility.”
(Emphasis supplied.)
We find the evidence to be uncon-troverted that the inmate voluntarily submitted to the HIV test. Furthermore, it is clear from the language of this subsection that persons held in a city or county jail while awaiting removal to a state correctional facility may not be compelled to submit to such a test. Because the inmate in question falls within this category of persons, he could not have been subjected to compulsory testing, and, therefore, we find that he was not tested under the provisions of § 22-llA-17(a) and that the trial court erred in determining that he was.
Furthermore, the instant appeal is not before us from a proceeding to compel an examination of the inmate in question provided for in § 22-llA-14(e), but rather a motion seeking to compel the release of HIV test results conducted with complete cooperation by and at the request of the individual being tested. Only with regard to the former action does the exception to confidentiality set forth in § 22-11A-14 apply. It states in pertinent part:
“(e) The reports required by this section shall be confidential and shall not be subject to public inspection or admission into evidence in any court except proceedings brought under this chapter to compel the examination, testing, commitment or quarantine of any person or upon the written consent of the patient.”
Ala.Code (1975), § 22-llA-14(e).
Aside from the provisions of the Notifiable Diseases Act discussed above, we particularly note that the legislature’s most recent expression regarding the confidentiality of such test results is embodied in Alabama Act No. 88-983. It provides for exceptions to the confidentiality provisions of the Notifiable Diseases Act. It states:
“Section 1. The State Committee of Public Health is hereby authorized to establish the rules by which exceptions may be made to the confidentiality provisions of Chapter 11A of Title 22, Code of Alabama 1975, and establish rules for notification of third parties of such disease when exposure is indicated or a threat to the health and welfare of others.”
1988 Ala.Acts 88-983, § 1. Although the record in the instant case is devoid of evidence of rules established by the State Committee of Public Health pursuant to this provision, the language of this section clearly reflects the intent of the legislature to vest such authority solely with the Committee. Furthermore, section 9 of the Act clearly states that “[ejxcept as provided in this Act [or the rules and regulations promulgated thereunder (see section 1)], any information required pursuant to Chapter 11A of Title 22 of Code of Alabama 1975, shall remain confidential.” 1988 Ala.Acts 88-983, § 9.
The Act further provides:
“Section 4. Physicians or the State Health Officer or his designee may notify a third party of the presence of a contagious disease in an individual where there is a foreseeable, real or probable risk of transmission of the disease.”
1988 Ala.Acts 88-983, § 4. It is clear from the language of this section that discretion *1318 is vested in “[p]hysicians or the State Health Officer or his designee” to determine whether the results of tests conducted pursuant to the Notifiable Diseases Act are to be divulged to third parties. Accordingly, we find that it was error for the trial court to determine otherwise. Additionally, we find, in view of the evidence, that the trial court erred in substituting its judgment for that of the county health officer when it found that there existed a likelihood of present danger so as to require release of the inmate’s test results.
Finally, we recognize and understand the sheriffs legal charge and his sense of duty to protect the jail and keep the prisoners safe until he is legally relieved of their custody. Ala.Code (1975), § 14-6-1. Accordingly, we find no conflict with that charge in our opinion, nor do we intend to disturb any explicit or implicit authority a sheriff may possess.
As to the sheriffs legal charge in this case, we find no statute that imposes a duty or obligation upon him to act with a heightened degree of care to protect individuals such as those here. However, it appears that the legislature may have empowered the health department to establish a mechanism to deal with this through the granting of statutory power to adopt rules and regulations. 1988 Ala.Acts 88-893. Pending the adoption of such rules and regulations, if such are to be forthcoming, we find that § 22-11A-37 appears to already provide the sheriff with the tools to discharge any special duty or obligation as he may perceive he has in such a case as that before us. The Act states:
“When there is reasonable cause to believe that an inmate of any state correctional facility or any municipal or county jail has been exposed to or is afflicted with any of the diseases designated by this chapter, the state or county health officer may petition the superintendent of the facility to isolate the inmate for compulsory testing, treatment, and quarantine.”
Ala.Code (1975), § 22-11A-37.
Additionally, it appears to us that by communicating to the state or county health officer the existence of reasonable cause to believe that an inmate has been exposed to or is afflicted with any of the diseases set forth in the Notifiable Diseases Act, the sheriff may satisfy any duty or obligation he might have to protect the health and safety of inmates entrusted to his care. After such a communication, it appears to become incumbent upon the health officer to act with regard to this information.
In light of the above discussion, this court must yield to the infinite wisdom of the legislature with regard to such important matters as public health.
Accordingly, this case is due to be reversed and remanded with instructions to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., concurs.
ROBERTSON, J., dissents.