594 So.2d 114 (1991)
Bobby PILGRIM
v.
Carl W. GREGORY, et al.
James M. SIZEMORE, Jr., Commissioner
v.
Carl W. GREGORY, et al.
Civ. 7917, 7918.
Court of Civil Appeals of Alabama.
September 13, 1991.
Rehearing Denied October 18, 1991.
Certiorari Denied January 31, 1992.
*115 John I. Cottle III of Bowles & Cottle, Tallassee, for appellant Bobby Pilgrim.
Mark D. Griffin, Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for appellant James M. Sizemore, Jr., Comr.
John M. Bolton III and David B. Byrne, Jr. of Robinson & Belser, P.A., and Jo Karen Parr of Kaufman, Rothfeder & Blitz, Montgomery, for appellees.
Alabama Supreme Court 1910175.
RUSSELL, Judge.
Carl W. Gregory and others (Gregory) filed a complaint, individually and as representatives of a class, against James M. Sizemore, Jr., commissioner of revenue, George C. Wallace, Jr., treasurer, and Robert L. Childree, comptroller, all for the state of Alabama (Commissioner). Gregory alleged that the department of revenue (department) had unilaterally eliminated the sales tax deduction for Alabama taxpayers for the tax year 1987 and that they had been wrongfully and illegally denied the right to deduct sales taxes on their 1987 income tax returns. The complaint was later amended to add the tax years 1988 and 1989, and class certification was granted pursuant to Rule 23(b)(1) and (2), Alabama Rules of Civil Procedure. The trial court agreed with Gregory and ordered the Commissioner to "determine the amount of income tax properly owed by each member of the plaintiff class for tax years 1987, 1988, and 1989 had they been allowed to claim the sales tax deduction provided by statute, and to reimburse or refund to each plaintiff taxpayer the excess income tax paid to the defendants as a result of the illegal application of the sales tax deduction statute." That amount has been estimated at $60,000,000. It also set attorneys' fees for Gregory's attorneys at twenty-five percent of the income tax refund. Bobby Pilgrim, as an unnamed member of the class, filed a motion to alter, amend, or vacate that portion of the trial court's order awarding attorneys' fees. The motion was denied. Both the Commissioner and Pilgrim appeal, and the cases have been consolidated for consideration by this court. We reverse and remand.
The record reveals the following facts: A deduction against income taxes for taxes paid was enacted in 1935 and has remained as a law on the books since that time. From 1982 until 1990, and at the time that this action originated, § 40-18-15(a)(3)(e), Ala.Code 1975, contained language providing for a deduction to taxpayers for state and local general sales taxes; however, subsection (a)(3)(g) of this statute tied any such deduction to a federal tax statute. The state statute in pertinent part reads as follows:
"40-18-15. Deductions for individuals generally.
"(a) In computing net income, there shall be allowed as deductions:
". . . .
"(3) The following taxes paid or accrued within the taxable year:
". . . .

*116 "c. State and local, and foreign, real property taxes.
"d. State and local personal property taxes.
"e. State and local general sales taxes.

"f. The windfall profits tax imposed by 26 USCA 4986.
"g. The taxes described in paragraphs c, d, e and f shall be deductible only to the extent that such taxes are deductible for federal income tax purposes under 26 USCA 164 (relating to taxes)...."
(Emphasis supplied.) In 1982, 26 U.S.C.A. § 164 (West 1978) (amended 1986), did not permit a federal income tax deduction for gasoline, tobacco, alcohol, utility, telephone and transportation taxes, but did provide for a federal deduction for state and local general sales taxes; however, this deduction was repealed by the Tax Reform Act of 1986. The enactment of Act No. 82-465, Ala. Acts 1982, which amended § 40-18-15 in 1982 and added subsection (g), enabled the state to repeal the deduction for the taxes enumerated above, which were not allowed as deductions by 26 U.S.C.A. § 164. Included as part of the purpose of the bill in the title of the bill enacted as required by article IV, § 45, of the Alabama Constitution was the language: "To further amend ... so as to ... conform certain exclusions and deductions to federal law." Act No. 82-465 became effective for the taxable year beginning on or after January 1, 1982.
After the enactment of Act No. 82-465, the department interpreted the Act to repeal the enumerated taxes and provided notice in the form of instructions to all taxpayers, and also promulgated an official department document, "Income Tax Law and Regulations" (revised September 1982). As the same pertains to subsection (g) and state and local general sales taxes, the document paraphrased the statute, stating:
"(3) The following taxes are deductible to the same extent that such taxes are deductible for federal income tax purposes under Internal Revenue Code Section 164.
". . . .
"(c) State and local general sales tax."
After the Tax Reform Act of 1986 repealed the federal deduction for state and local general sales taxes, the department interpreted the language of § 40-18-15(a)(3)(g) to repeal such state deduction. Other state tax deductions were, and continue to be, similarly linked to federal deductions allowed in 26 U.S.C.A. § 164, including state and local, and foreign, real property taxes; state and local personal property taxes; and the windfall profits tax imposed by 26 U.S.C.A. § 4986.
Consistent with its practices and its interpretation of the statute, the department mailed instructions to all Alabama taxpayers with income tax forms for 1987, referencing the repeal of the sales tax deduction. The interpretation received considerable legislative attention in 1987, 1988, 1989, and 1990.
The legislature has amended, or reenacted, § 40-18-15 six times since the enactment of Act No. 82-465, three times prior to the department's interpretation in 1986 repealing the deductions for state and local general sales taxes, and three times afterward, in 1987, 1988, and 1990. However, the language of the statute addressing the deductibility of sales taxes was not changed until 1990. At that time the legislature enacted Act No. 90-596, Ala. Acts 1990, which amended § 40-18-15(a)(3) by deleting subsection (e), thereby deleting the language that pertained to the state and local general sales tax deduction. The purpose of the deletion, noted in the title of the bill enacted, was "to clarify the elimination of the deduction for state and local sales and use taxes to conform to federal law." (Emphasis supplied.)
The Commissioner presents the following issues for review by this court: Whether the trial court erred (1) in finding that the intent of the Alabama legislature regarding the sales tax deduction was for the federal statute to be considered as it existed in 1982 only, rather than for the federal statute to be followed as it might exist at any given time, (2) in granting class certification, (3) in not limiting its decision to *117 prospective application, and (4) in awarding a twenty-five percent attorneys' fee (approximately $15,000,000). We find the issue of legislative intent to be dispositive.
As to the legislative intent in the enactment of § 40-18-15(a)(3)(g), the Commissioner claims that the language of the statute is clear and unambiguous, because subsection (g) expresses the intent that the statute is linked to 26 U.S.C.A. § 164 as it may exist at any given time and because the Act did not specifically refer to the referenced statute "as in effect January 1, 1982," the effective date of Act No. 82-465, Ala. Acts 1982. The latter language was used by the legislature at least ten times in the 1982 act, but not in subsection (g). The Commissioner further claims that the intent was also expressed by the legislature because it did not indicate that the elimination of the sales tax deduction was against its intent when it amended or reenacted the tax act, although it was made aware of the department's interpretation of the statute, and because it eliminated all reference to the sales tax deduction in 1990, with the stated purpose of the change being "to clarify the elimination of the deduction." We agree.
Initially, we note that when interpreting a statute, the court has a duty to ascertain and give effect to legislative intent as expressed by the words in the statute. Ex parte Kimberly-Clark Corp., 503 So.2d 304 (Ala.1987). The general rule of statutory construction to be followed in determining the legislative intent behind the enactment of a statute that imposes a tax is that such statutes are to be strictly construed against the state and in favor of the taxpayer. State, Department of Revenue of Jefferson County v. Alabama Leasing Co., 336 So.2d 1353 (Ala.1976). However, the applicable rule of statutory construction to be followed in determining the legislative intent behind the enactment of a statute giving the taxpayer a deduction or an exemption is that such statutes are to be strictly construed against the taxpayer and in favor of the state. Kimberly-Clark Corp., 503 So.2d 304. Since the statutory language in dispute in this case deals with a deduction, the applicable rule of statutory construction here requires that the statute be construed against the taxpayer and in favor of the state. Eagerton v. Terra Resources, Inc., 426 So.2d 807 (Ala.1982).
The purpose of the general rule that the subject of a law be clearly expressed in its title is that the title inform legislators and the public of the content of a bill. This is so that the legislators will not be misled in voting on a bill. They must rely, to some extent, upon the title to inform them of a bill's provisions. Opinion of the Justices, 294 Ala. 555, 319 So.2d 682 (1975). Accordingly, we must consider what the legislature may have relied on.
In the present case, as the above pertains to legislative intent as expressed by the words of the statute, we find that according to § 40-18-15, state and local general sales taxes were to be deductible to the extent that they were deductible under 26 U.S.C.A. § 164 for the stated purpose of "conform[ing] certain exclusions and deductions to federal law." This was not limited by the language "as in effect in January 1, 1982," used in other parts of the Act. Although Gregory argues that because the legislature did not use the language "as amended from time to time," it did not intend that the statute include future amendments to the federal law. We find that the language used in subsection (g) of the statute has the same effect as the language "as amended from time to time." Therefore, we further find that the intent of the legislature regarding the deductions listed in § 40-18-15 was that the federal statute was to be referenced as it might exist at any time. This finding is substantially reinforced by the stated purpose of the Act, stated in its title; by the consistency of the department's interpretation in 1982 and 1986, the effect of which was to repeal certain deductions and produce revenue for state purposes; by the legislature's knowledge of the departmental interpretation and the amendment and reenactment of the Act five times without any indication by the legislature of its disapproval of the administrative construction; by the statutory clarification by Act of the *118 Legislature in 1990; and finally, by the applicable rule that deductions must be strictly construed against the taxpayer and in favor of the taxing authority.
Gregory argues that because the subject statute refers specifically to another statute (26 U.S.C.A. § 164), this court must look to the rules of construction of "reference statutes" under Alabama law. The general rule, which is discussed at 2A Sutherland, Statutory Construction § 51.07 (4th ed. 1973), and which is followed in this state, is that a statute of specific reference only incorporates the provisions of the adopted statute in existence at the time of adoption without subsequent amendments. See also Shelby County Commission v. Smith, 372 So.2d 1092 (Ala.1979); Carruba v. Meeks, 274 Ala. 714, 150 So.2d 195 (1963). However, as the Sutherland treatise explains at § 51.08, at 516, the general rule does not apply where "the legislature has expressly or by strong implication shown its intention to incorporate subsequent amendments with the statute." (Emphasis supplied.) See also 82 C.J.S. Statutes § 370 (1953), at 847-48. Because we have found that the legislature has clearly shown its intent that the federal statute be followed as it might exist at any given time, further discussion of the law pertaining to reference statutes is therefore unnecessary.
While we find the reasoning above is sufficient to dispose of this case, we choose to address other pertinent points and make further findings relating to legislative intent.
As previously suggested, an analysis of the interpretations made by the department in 1982 and in 1986 suggests consistency of departmental interpretations of the same language producing the same resultsrevenue for state purposes. We believe it is significant that this interpretation has spanned at least part of the terms of three different commissioners.
The department by interpretation in 1982, after passage of the legislation it had supported, repealed income tax deductions for gasoline, tobacco, alcohol, utility, telephone, and transportation taxes, resulting in approximately $10,500,000 in additional state revenue without a tax. As previously mentioned, that interpretation was acted on by notice to taxpayers, by the disallowance of the deductions, and by the promulgation of an official department document, "Income Tax Law and Regulations," paraphrasing the statute. The interpretation made by the department in 1986 when it disallowed the deduction was that the state and local general sales tax deductions had been repealed. That interpretation was acted on by subsequent notice to taxpayers in the form of instruction and by the disallowance of the deduction and was the near constant subject of legislative attention during 1987, 1988, 1989, and 1990, perhaps partially because it produced substantial revenue in 1987, 1988, and 1989 of approximately $60,000,000 without a tax. These results could not help but please a legislature constitutionally charged to raise revenue for state purposes. The interpretation of an act by an administrative agency charged with its enforcement is to be given great weight by the reviewing court. Hulcher v. Taunton, 388 So.2d 1203 (Ala.1980). See also State v. Birmingham Rail & Locomotive Co., 259 Ala. 443, 66 So.2d 884 (1953).
The weight given to the administrative interpretation is increased when the legislature reenacts the law, yet fails to indicate its disapproval of the administrative construction. State v. Reid, 284 Ala. 191, 223 So.2d 594 (1969). We find the record to be devoid of any indication of the legislature's disapproval of the administrative construction. Quite to the contrary. In tracking the legislative history of the 1982 Act No. 82-465, we consider the testimony of the head of the income tax division of the department and the chief draftsman of the legislation, and then the legislative history of the language change amendment of, or reenactments to, § 40-18-15(a)(3)(g) in 1982, and twice in 1985.
The testimony of the head of the income tax division of the department and the chief draftsman of the legislation indicated that neither the drafting committee nor the department of revenue ever intended *119 to include future amendments or modifications to the federal statute. The draftsman stated that members of the bar drafting group were very concerned about adopting a statute that would change when federal law changed and that "we worried that it would be unconstitutional." Then when asked if subsection (g) included a date specific, i.e., "as in effect January 1, 1982," he admitted that "I messed up, in all honesty. It's a clerical error.... We simply overlooked the date in paragraph (g)." Clearly, this testimony indicates that there was an initial omission of crucial language which the drafters thought necessary to give different meaning to the clear meaning of subsection (g) as it is now before us for interpretation as it was enacted by the legislature.
We find that the testimony concerning the intentions of the department head and the draftsman should not govern the decision regarding the intent of the legislature. It is well settled that the intent of the legislature is that expressed in the statute, and the motives of individual members of the legislature or the intentions of the draftsman, or any other person, will not be looked into by the court if their motives or intentions are not expressed in the statute, and the court will not be influenced by their views or opinions. James v. Todd, 267 Ala. 495, 103 So.2d 19 (1957).
As to the legislative history of language changes to, or reenactments of, § 40-18-15(a)(3)(g), subsequent to Act No. 82-465, we note that Act No. 82-667 (enacted in Special Session 1982) reenacted § 40-18-15 without change. However, we observe that included in the title of the Act was the language: "to make certain provisions conform to federal laws, and so as to correct a technical error." Also, § 1 of the Act included the language: "`To further amend... so as to ... conform certain exclusions and deductions to federal law...."' There is no evidence that any effort was made to correct any errors or omissions in § 40-18-15(a)(3)(g) at that time. In 1985 Act No. 85-515 also reenacted § 40-18-15(a)(3)(g) without change. Additionally, Gregory emphatically represents in his brief, and the trial court reiterated the same in its order, that from the time the 1982 legislation was first enacted until after the date of trial, there was absolutely no change in the statutory language of § 40-18-15(a)(3). However, the record reveals that in 1985, in Act No. 85-545, before the 1986 departmental interpretation repealing the deduction, the legislature changed the language in § 40-18-15(a)(3)(g) by merely substituting the word "nonresidents" for "a non-resident" without further change. Thus, prior to 1986 the legislature reenacted the subsection twice and then amended the subsection in a seemingly nebulous way without further changing it to correct a mistake previously thought by the draftsman, at least, to have been important to the future construction of subsection (g). Further, no mention is made of any effort to have the language amended for that purpose in 1982 or in 1985. As to the additional language changes, after the 1986 departmental interpretation was made and acted upon, the legislature amended § 40-18-15 in 1987 (see Act No. 87-805) and reenacted it in 1988 (see Acts 1988 Second Special Session No. 88-954), all without change to the language in subsections (e) and (g) regarding the sales tax deduction.
The legislature did not include the language desired by the draftsman in 1982 and has not since amended the statute to add such language. Therefore, "[w]e deem it inappropriate to engraft by judicial fiat a change the legislature has apparently chosen not to make." Dale v. Birmingham News Co., 452 So.2d 1321, 1323 (Ala.1984). Also, when the statute has been reenacted or amended a number of times since the promulgation of the administrative interpretation, such may be considered legislative approval of the administrative construction. State v. Tri-State Pharmaceutical, 371 So.2d 910 (Ala.Civ.App.1979).
Such legislative approval was specifically expressed by legislative act in 1990 by statutory clarification (Act No. 90-596, approved April 23, 1990), where the legislature noted that the purpose of the deletion of subsection (e), which removed the sales tax deduction language, was "to clarify the elimination of the deduction for state *120 and local sales and use taxes to conform to federal law." (Emphasis supplied.) Although we have found that the intent of the legislature is clear from the expressed words of the 1982 statute, we nevertheless find that this language should remove all doubt as to the legislative intent to approve the department's interpretation repealing the deduction, and the legislative intent in 1982 to have the provisions of § 40-18-15(a)(3) conform to federal law as amended from time to time.
Therefore, with the above to reinforce our previous findings, we conclude that the interpretation of the statute by the department disallowing the sales tax deduction and the collection of the taxes for 1987, 1988, and 1989 as a result were in all respects valid, legal, and with clear statutory authority. We find that the trial court erred in its finding regarding the intent of the legislature and that its judgment is due to be reversed. Accordingly, this case is reversed and remanded for entry of a judgment in favor of the Commissioner.
Additionally, we find the excessive attorneys' fees issue raised by Pilgrim to be moot, and his request for attorney's fees for representation on this appeal is denied.
We pretermit a discussion of the other issues presented by the Commissioner and Pilgrim as unnecessary.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.

ON APPLICATION FOR REHEARING
RUSSELL, Judge.
On application for rehearing Gregory asserts that this court "failed to apply the correct legal standard of review following an ore tenus proceeding, and instead, sought to reweigh the evidence and substitute its judgment for that of the trial court."
We note that because we are concerned with construing statutory provisions, we review this case without attaching any presumption of correctness to the actions of the trial court. State Department of Public Health v. Wells, 562 So.2d 1315 (Ala.Civ.App.1989); Galloway v. State ex rel. Payne, 371 So.2d 48 (Ala.Civ. App.1979). See also Donnelly v. Doak, 346 So.2d 414 (Ala.1977).
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
ROBERTSON, P.J., and THIGPEN, J., concur.