YATES, Judge.
This tax case presents the question of whether collection fees and reconnect fees that Mobile Gas Service Corporation (Mobile Gas) charges its customers are subject to the utility gross receipts tax levied pursuant to §§ 40-21-80 through -87, Ala. Code 1975. We affirm the trial court’s finding that these fees are not subject to the tax. The State Department of Revenue (department) entered a preliminary assessment of unpaid utility taxes against Mobile Gas in the amount of $43,251.50, including interest and penalties, for the period of July 1986 through June 1989. Mobile Gas requested a hearing before an administrative law judge, which resulted in an order concluding that reconnect fees and collection fees are not subject to the utility tax and ordering that the department’s preliminary assessment be reduced and made final with no additional tax due.
The department appealed to the trial court, pursuant to § 40-2-22, Ala.Code 1975. The trial court held that collection fees and reconnect fees are not subject to the utility gross receipts tax levied at § 40-21-82, and affirmed the final assessment as ordered by the administrative law judge. The department appeals from the trial court’s order.
The record reveals that Mobile Gas provides natural gas to customers in the Mobile, Alabama, area. It reported and paid taxes on revenues derived from the sale of natural gas during the period in question; however, it did not include collection fees and reconnect fees when computing the tax. A reconnect fee is the fee for reconnecting gas service after someone has moved from one location to another or after service has been disconnected because of nonpayment for services. A collection fee is charged when Mobile Gas must send a collector to a residence to try to collect payment on a gas bill prior to disconnecting service. Mobile Gas’s reconnect fee is $20, and its collection fee is $4.
The department audited Mobile Gas in 1971 and 1985, and, although reconnect fees and collection fees clearly were not included in the gross receipts, the department did not object to the fact that the fees were not included. In addition, Mobile Gas introduced evidence that Alabama Gas Cor *1334 poration was audited in 1987, and the fact that reconnect fees and collection fees were not included in the tax base was not questioned.
Section 40-21-82, Ala.Code 1975, provides for a privilege or license tax to be levied against every utility in the state. The amount of the tax is determined by the application of rates against gross sales or gross receipts from the furnishing of utility services. The definition of gross receipts, which may be found at § 40-21-80(a)(2), has remained the same since 1969, and it provides, in pertinent part, as follows:
“The value proceeding or accruing from the furnishing of utility services, all receipts actual and accrued, without any deduction on account of the cost of the utility services sold, the cost of the materials used, labor or service cost, interest paid or any other expenses whatever, and without any deductions on account of losses.”
In July 1969 the department promulgated a regulation to become effective September 1,1969, called “Utility Tax Rule No. 1.” The rule, which is now also titled “Utility Privilege or License Tax Regulation,” contained the following statement, which further defined gross receipts:
“The gross receipts from the furnishing of electricity and natural gas including fees and service charges to customers which include but are not limited to charge for installation of meters, charge for transferring service from one house to another, collection fee for delinquent accounts, reading meters, lighting pilots, and inspection fees are subject to the tax.”
In September 1969 the rule was amended to state that “[t]he gross receipts from the furnishing of electricity and natural gas are subject to the tax.” Another section of the rule that the department claims is pertinent originally provided and continues to provide that “[wjhere a discount is deductible from the gross charge for electricity and natural gas if payment therefor is made within a prescribed period or where an additional amount is added for failure to make payment within a prescribed period, the tax applies to the amount actually paid.”
The department states that it can find no authority that addresses the issue, and it appeals asking this court to determine what composes “gross receipts.” In support of its position in favor of the inclusion of the above fees within the definition of gross receipts, the department claims that the statutory definition of gross receipts and the above-referenced portions of the rule should control, so that collection fees and reconnect fees are included in the term “gross receipts.” The department further claims that the definition of gross receipts is broad enough to encompass reconnect fees and would have this court agree that these fees are subject to taxation. Alternatively, the department claims that, because the taxation of collection fees has been addressed in the regulation, at the very least the collection fees should be subject to taxation.
Mobile Gas argues in response that certain rules of statutory construction must be followed. First, Mobile Gas states that the scope of coverage of tax statutes must be strictly construed against the taxing authority and in favor of the taxpayer. Pilgrim v. Gregory, 594 So.2d 114 (Ala.Civ.App.1991); State v. Harrison, 386 So.2d 460 (Ala.Civ.App.1980). Clearly, this rule applies in the present case.
Second, Mobile Gas states that statutes that deal with the same subject matter, or that have the same general purpose, should be construed together. East Brewton Materials, Inc. v. State Department of Revenue, 45 Ala.App. 584, 233 So.2d 751 (Ala.Civ.App.1970). Mobile Gas claims that § 40-21-85 logically links the administration of the utility tax law to the sales tax law contained in §§ 40-23-1 through -38, Ala.Code 1975. It further claims that the sales tax law has been construed to apply only to the proceeds derived from the sale of tangible personal property and that incidental charges for transportation or installation that are charged separately and can be distinguished from the amount received for the tangible property are not taxed. *1335 Department of Revenue Regulations 810-6-1-81(2) and 810-6-l-.178(2). Therefore, Mobile Gas argues, because the utility tax is to be determined by the application of rates against gross sales or gross receipts from the furnishing of natural gas, only proceeds from the sale of the gas should be taxed, not incidental charges, which, it claims, are not purchased by the consumer. Section 40-21-85 states that the provisions of the utility gross receipts tax article are to be administered and that the tax levied therein is to be collected in accordance with the procedures regarding sales and use taxes in §§ 40-23-1 through -38. Section 40-23-l(a)(8) defines gross receipts as follows:
“The value proceeding or accruing from the sale of tangible personal property, including merchandise and commodities of any kind and character, all receipts actual and accrued, by reason of any business engaged in, not including, however, interest, discounts, rentals of real estate or royalties, and without any deduction on account of the cost of the property sold, the cost of the materials used, labor or service cost, interest paid or any other expenses whatsoever and without any deductions on account of losses.”
This definition is comparable in substance to the utility tax definition of gross receipts.
In State v. Natco Corp., 265 Ala. 184, 90 So.2d 385 (1956), the Alabama Supreme Court held that transportation charges were not part of the selling price of the goods in question and, therefore, were not due to be taxed. If the transportation charges had been included in the sales price of the goods, they would have been subject to the tax. However, in East Brewton Materials, at 590, 233 So.2d 751, this court stated that the legislature intended by the phrase “any other expenses whatsoever” that the “sales tax be charged upon the total invoice price, including transportation charges incident to delivery of the material sold to a customer, when such transportation was provided by the seller, not by common carrier, and the sale was not completed or title transferred until delivery to the customer.” (Emphasis supplied.) In the present case we find that the reconnect fees and collection fees are not part of the sales price of the gas, but, rather, are incidental charges that have no relevance to the completion of the sale of the product.
Third, Mobile Gas responds by saying that, where the construction of a statute by administrative officers authorized to construe administrative law has controlled the conduct of business for a number of years, such construction is entitled to considerable weight. State v. Tri-State Pharmaceutical, 371 So.2d 910 (Ala.Civ.App.1979); Boswell v. Abex Corp., 55 Ala.App. 477, 317 So.2d 314 (Ala.Civ.App.1975). The department from 1969 through 1987 did not require the inclusion of collection fees and reconnect fees in gross receipts when computing the tax due, and we give considerable weight to the department’s previous construction of the statute.
Finally, Mobile Gas correctly states that the weight given to an administrative interpretation of tax laws is increased when the legislature, in re-enacting the law, does not indicate disapproval of the settled administrative interpretation. Pilgrim, 594 So.2d 114; East Brewton Materials, 45 Ala.App. 584, 233 So.2d 751. In the present case we find no indication of legislative disapproval of the administrative application of the statute over a twenty-year period during which there have been several reenactments of the statute.
Regarding the department’s alternative claim that the section of its rule wherein a discount is provided for payment made within a prescribed period or a charge added for failure to pay within a prescribed period requires that the collection fees be included in gross receipts and subject to taxation, we disagree. The department has not offered this interpretation of this section of the rule in the past. In addition, we find that the language of the section refers to the benefit or the cost of an early or late payment of charges for gas and that it does not refer to a collection fee.
*1336 In view of the above, the trial court’s judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.