Vernon **KIRBY** and Jamie Kirby, **Plaintiffs,**

v.

**TENNESSEE VALLEY AUTHORITY,** Defendant.

**Civ. No. 93–HM–1057–NW.**

United States District Court, N.D. Alabama, Northwestern Division.

April 7, 1994.

Order for Judgment May 3, 1994.

Richard Bounds, John T. Crowder, Jr., Cunningham, Bounds, Yance, Crowder & Brown, Mobile, AL, John E. Higginbotham, Thomas W. McCutcheon, Higginbotham, Whitten & McCutcheon, Florence, AL, for plaintiffs.

Thomas A. Robins, Edward S. Christenbury, James E. Fox, Edwin W. Small, Tennessee Valley Authority, Knoxville, TN, for defendant.

### ORDER

HALTOM, Senior District Judge.

Under date of February 15, 1994 this United States District Court entered its ORDER in the above-entitled civil action granting the Defendant Tennessee Valley Authority's ["TVA"] Rule 12(b)(6) motion to dismiss as directed to Plaintiff's original complaint as a whole and to each count thereof separately and severally [Counts I–XII, inclusive] and dismissing the above-entitled civil action *without prejudice,* with leave granted Plaintiffs to file within fifteen [15] consecutive, calendar days from such Order's entry date their AMENDED COMPLAINT herein **making the requisite willful conduct alle-** gations therein, if they so elected, failing which this civil action would be promptly dismissed *with prejudice* by this United States District Court by entry herein of separate order. Contemporaneously, this Court caused to be entered in the above-entitled civil action its MEMORANDUM OPINION stating the reason and rationale upon which its above-referenced February 15, 1994 Order herein was filed and entered.

In response to this Court's February 15, 1994 ORDER and contemporaneous MEMORANDUM OPINION in the above-entitled civil action hereinabove referenced Plaintiffs on February 25, 1994 filed herein their:

 MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, MOTION FOR CERTIFICATION OF QUESTION TO THE SUPREME COURT OF ALABAMA, OR IN THE ALTERNATIVE, MOTION FOR ORAL ARGUMENT AND AN OPPORTUNITY TO PRESENT EVIDENCE ORE TENUS;

and

PLAINTIFFS' FIRST AMENDED COMPLAINT which *does not* make the requisite willful conduct allegations required by this Court's February 15, 1994 Order.

Under date of March 25, 1994 and in response to Plaintiffs' February 25, 1994 Motions and First Amended Complaint hereinabove referenced TVA filed the following response and pleadings:

TENNESSEE VALLEY AUTHORITY'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION FOR CERTIFICATION OF QUESTION TO THE SUPREME COURT OF ALABAMA OR, IN THE ALTERNATIVE, MOTION FOR ORAL ARGUMENT AND AN OPPORTUNITY TO PRESENT EVIDENCE ORE TENUS;

and

TENNESSEE VALLEY AUTHORITY'S MOTION TO STRIKE PLAIN-

TIFFS' FIRST AMENDED COMPLAINT.[1]

Upon consideration, this federal district court is of the opinion and holds:

■ that its February 15, 1994 Memorandum Opinion and accompanying Order granting TVA's 12(b)(6) motion to dismiss all claims for relief asserted by Plaintiffs in their original complaint [Counts 1–XII, inclusive] and thereupon dismissing the above-entitled civil action *without prejudice* with leave granted Plaintiffs to amend by way of Amended Complaint within time certain making the requisite willful conduct allegations therein were clearly correct for the reasons stated in such Memorandum Opinion; [2] there is thus no basis for reconsideration; [3] there is thus no basis to certify the legal issues decided by this Court in its February 15, 1994 Memorandum Opinion and accompanying Order in the above-entitled civil action to the Supreme Court of Alabama; [4] there is no proper basis to certify the proposed question framed by counsel of record for Plaintiffs to the Supreme Court of Alabama; [5] there is thus no basis to hold an evidentiary hearing for Plaintiffs' presentation of evidence as to legislative intent ore tenus; and [6] that Plaintiffs' Motion For Reconsideration, Plaintiffs' first alternative Motion For Certification of Question to the Supreme Court of Alabama and Plaintiffs' second alternative Motion For Oral Argument and An Opportunity To Present Evidence Ore Tenus are [each] due to be overruled. It is therefore

ORDERED that each such motion of Plaintiffs hereinabove referenced be and the same hereby is OVERRULED for the reasons hereinabove stated.[2] And it is further

■ ORDERED that TVA's Motion To Strike the Affidavits of Alabama Senators Don Hale and W.H. "Pat" Lindsey filed by Plaintiffs as EXHIBITS "A" and "B," respectively [with attachments], to their February 25, 1994 Motions hereinabove referenced be and the same hereby is GRANTED with respect to each such AFFIDAVITS and that each such AFFIDAVIT is hereby STRICKEN, all for the reasons hereinabove stated and for the additional reason that the purported evidence therein proffered by individual members of the Legislature of Alabama is inadmissible to prove legislative intent for the reason that it is well settled that the intent of the legislature is that expressed in the statute and the motives of individual members of the legislature or the intentions of the draftsman, or any other person, will not be looked into by the court if their motives or intentions are not expressed in the statute, and the court will not be influenced by their views or opinions. *James v. Todd*, 267 Ala. 495, 103 So.2d 19 (1957), appeal dismissed 358 U.S. 206, 79 S.Ct. 288, 3 L.Ed.2d 235 (1958). Cited and followed in *Pilgrim v. Gregory*, 594 So.2d 114, 119 (Ala. Civ.App.1991). And it is further

■ ORDERED that TVA's *MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT* which was filed by Plaintiffs in the above-entitled civil action on February 25, 1994 in **non-conformity with** and in violation of the clear directive of this Court contained in its February 15, 1994 Order entered herein granting Plaintiffs' leave to amend by filing Amended Complaint in this civil action **"making the requisite willful conduct allegations therein"** be and the same hereby is GRANTED and that such First Amended Complaint be and the same hereby is STRICKEN for the reason above stated **and for the additional reason that it was filed herein without leave of this Court** first had and obtained with obvious intent by Plaintiffs and their counsel of record to circumvent this Court's February 15, 1994 Memorandum Opinion and accompanying Order entered in the above-entitled civil action which granted TVA's 12(b)(6) motion to dismiss with respect to each and every purported claim for relief asserted in Plaintiffs' original complaint against the Defendant Tennessee Valley Authority and there-

---

**1.** TVA simultaneously submitted brief in support of its Motion To Strike Plaintiffs' First Amended Complaint.

**2.** And for the additional [and valid] reasons cogently presented and argued by TVA in its March 25, 1994 RESPONSE to such Motions which this Court hereby adopts as its own by express reference thereto.

upon DISMISSED the above entitled civil action *without prejudice* with leave to amend within time certain and in conformity with the directives of the Court therein set out. And it is further

ORDERED that leave is hereby GRANTED Plaintiffs **one last time** to file in the above-entitled civil action in the Office of the Clerk of this Court within fifteen [15] consecutive, calendar days from the entry date of this ORDER their AMENDED COMPLAINT herein against the Defendant Tennessee Valley Authority only making the same factual allegations as against the Defendant Tennessee Valley Authority as alleged in their ORIGINAL COMPLAINT filed in the above-entitled civil action but making the requisite willful conduct allegations therein against the Defendant Tennessee Valley Authority in lieu of their original complaint negligence and/or wanton allegations with respect to the legal fault of such Tennessee Valley Authority Defendant, **if they so elect, failing which the above-entitled civil action will be promptly dismissed *with prejudice* by this United States District Court by entry herein of separate order.** And it is further

ORDERED that the NOTICES OF DEPOSITION filed by or for Plaintiffs in the above-entitled civil action on April 7, 1994 with respect to Plaintiffs through counsel of record taking the DEPOSITION of Dr. Alvin Stander in Baton Rouge, Louisiana on April 11, 1994 and the DEPOSITION of Dr. James E. Crowder in Florence, Alabama on April 14, 1994 are each hereby VACATED and SET ASIDE and that each such DEPOSITION and all other discovery in this case is hereby STAYED until further ORDER of this Court is entered pertaining thereto.

DONE and ORDERED.

*RULE 58, FRCP, FINAL JUDGMENT*

Plaintiffs Vernon Kirby and Jamie Kirby having wholly failed to amend their complaint against the Defendant Tennessee Valley Authority in the above-entitled civil action pursuant to and in conformity with the ORDER of the Court entered herein on April 7, 1994, it is

ORDERED and ADJUDGED that the above-entitled civil action is now hereby DISMISSED *with prejudice*, with costs taxed against Plaintiffs for which let execution issue.

DONE and ORDERED.